**Ruth NORTON, Appellant,**

v.

**Len BLAYLOCK and Russell Cooper, Charlene Hudson, J. E. Hudson, Finis Hudson, Gene Smith, Wardon Davis and Troy Fowler, Appellees.**

**No. 19375.**

United States Court of Appeals
Eighth Circuit.

April 21, 1969.

William S. Walker, Harrison, Ark., for appellant; Gene C. Campbell, Harrison, Ark., and Kenneth R. Smith, Yellville, Ark., were on the brief with Mr. Walker.

James L. Sloan, Little Rock, Ark., for appellees and filed brief.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

## PER CURIAM.

This is an appeal from the order of the district court dismissing appellant's complaint for failure to state a claim entitling her to relief under the Constitution or laws of the United States.

The salient facts revealed by the complaint and attached exhibits are disclosed in the district court's opinion reported at 285 F.Supp. 659 (W.D.Ark. 1968). Appellant does not dispute the accuracy of the court's recital of the relevant events giving rise to this litigation. Neither is there any claim that the record before the district court does not disclose all pertinent facts and circumstances.

Prior to appellant's discharge in July, 1967, she was the Director of the Newton County Office of the Arkansas State Department of Welfare. Appellee Len Blaylock was the Commissioner and administrative head of the State Department and the other appellees were members of the Newton County Welfare Board. Blaylock discharged appellant because she had engaged in political activity and other conduct violative of the applicable merit system rules.

Appellant pursued the remedy afforded discharged permanent employees by appealing to the Merit System Council, created by the Arkansas Legislature in 1941. Ark.Stats.Ann. § 83–121. After a hearing, the three-member Council, in a 2–1 decision, concluded that the charges furnishing the basis for appellant's discharge had not been sustained and recommended that she be reinstated. The Commissioner declined to follow the Council's recommendation and appellant was not reinstated. She did not seek relief in the state courts as provided by the Arkansas Administrative Procedure Act of 1967, Ark.Stats.Ann. § 5–713, but turned to the federal court for redress.

The applicable federal statutes, the Standards for a Merit System of Personnel Administration promulgated by the United States Secretary of Health, Education and Welfare, and the relevant Arkansas statutes and rules are referred to in Judge Henley's opinion. Especially significant here is Art. XIII, § 4 of the Arkansas Rules of the Merit System Council relating to "Appeal from Dismissal, Suspension or Demotion." This rule provides that a discharged permanent employee shall have the right to

an appeal to and a hearing before the Council. It requires the Council to make its *recommendations* in writing to the appointing authority "for consideration by the agency." It provides further:

"After consideration of the Council's recommendation, *the agency shall make its decision which shall be final* and which shall be duly recorded in the permanent records of the agency. The Personnel Officer shall, in writing, promptly notify the employee of the agency's decision." (Emphasis supplied.)

It appears without contradiction, from an affidavit of an official of the Department of Health, Education and Welfare, that Rule XIII "was accepted as being in substantial conformance with the Federal Standards for a Merit System of Personnel Administration."

From the foregoing it plainly appears that the Merit System Council's function on appeal is limited to making a *recommendation* to the agency. The recommendation is not conclusive, and the agency is not under mandate to follow it. As Judge Henley appropriately observed:

"The federal or the State requirements might have gone further and provided that the Council's determination that a discharged employee should be reinstated should be binding on the agency. Neither set of requirements goes so far. The federal Standards say nothing about the binding effect of a Council determination, neither does the Arkansas statute; and the Rules of the Council make it clear that a recommendation by it in a given case is only a recommendation which the agency may or may not follow." 285 F.Supp. at 663.

Notwithstanding the clear and unequivocal language of the Rule, appellant contends, as she did in the district court, that the merit system is rendered impotent if the Commissioner can ignore the Merit System Council's recommendation favorable to the employee and, in effect, reaffirm its prior action in discharging the employee.[1] From this premise appellant submits, in effect, that failure to comply with the Council's recommendation conclusively demonstrates that the discharging agency (Commissioner) intentionally acted unfairly, arbitrarily and capriciously so as to deprive appellant of her employment, in violation of the fundamental concept of due process. We are not persuaded by this argument. Simply stated, appellant's appointment and termination were pursuant to and in accordance with valid rules and regulations designed for effective operation of the merit system. The fundamental requirement of due process—the opportunity to be heard at a meaningful time and in a meaningful manner—is a part of the merit system's administrative procedures and was strictly followed in this case. Unfortunately for appellant, the Commissioner, in the exercise of the authority vested in him, declined to follow the Council's recommendation.

Absent any showing that the course pursued by the Commissioner was in fact motivated by an arbitrary, capricious or unlawful attitude and not from the exercise of sound discretion, we find no rational basis for concluding that appellant has been deprived of a federally protected right requiring intervention by the federal courts. The following cases, although factually distinguishable, are relevant in principle, and in our view they support our conclusion. See, Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); Willner v. Committee on Character and Fitness, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d

---

1. We agree with Judge Henley's reasoning that whether as a matter of policy the head of an agency should be bound by a decision of the Council is a question which does not address itself to the courts. If the rules and regulations for operation of the merit system are inadequate to safeguard the rights of employees, relief should be sought from the executive or legislative branches of the federal and state governments.

224 (1963); Cramp v. Board of Public Instruction, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961); Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961); Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960); Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); Konigsberg v. State Bar, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957); Slochower v. Board of Higher Education, 350 U.S. 551, 76 S. Ct. 637, 100 L.Ed. 692 (1956); Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951); Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966); Heckler v. Shepard, 243 F. Supp. 841 (D.Idaho 1965).

Affirmed.