CONTINENTAL RESEARCH CORPORA-
TION, a corporation, Plaintiff,

v.

Russell E. TRAIN, Administrator, Environ-
mental Protection Agency of the United
States of America, Washington, D.C., De-
fendant.

No. 76–755C(3).

United States District Court,
E. D. Missouri, E. D.

Nov. 10, 1976.

Gerard F. Hempstead and Pat L. Simons, Susman, Stern, Heifetz, Lurie & Sheehan, St. Louis, Mo., for plaintiff.

Barry A. Short, U. S. Atty., Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., Daniel J. Shiel, Atty., U. S. Environmental Protection Agency, Kansas City, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon defendant's motion to dismiss. The motion alleges both that the Court lacks subject matter jurisdiction and that plaintiff has failed to exhaust its administrative remedies. For the reasons stated below, the matter will be dismissed because of plaintiff's failure to exhaust its administrative remedies.

This action centers around the following events. On December 9, 1975, the Environmental Protection Agency issued a complaint to plaintiff. Plaintiff was charged with shipping an unregistered pesticide in violation of the Federal Insecticide, Fungicide and Rodenticide Act. 7 U.S.C. § 135 *et seq.* (1947), *as amended,* 7 U.S.C. § 135 *et seq.* (1959). The complaint sought to assess a civil penalty of Three Thousand Five Hundred and Twenty Dollars ($3,520.00).

Pursuant to defendant's regulations, plaintiff answered this complaint on December 28, 1975. One defense raised by

plaintiff's answer was that the imposition of the proposed penalty would deny plaintiff due process of law.[1] This issue was argued before an administrative law judge where both sides had the opportunity to file supporting briefs. It was determined adversely to plaintiff on June 9, 1976. *See* Exhibit 7, plaintiff's Petition. The case was then set for a hearing on the merits in late August of 1976. Approximately one week before that hearing was to have been held, plaintiff filed this suit.

Plaintiff asks this Court for a declaratory judgment that would hold unconstitutional the imposition of a civil penalty under these circumstances. The Court is urged to take jurisdiction of this suit under 7 U.S.C. § 136n(c) (1972)[2] and the Declaratory Judgment Act, 28 U.S.C. § 2201 (1958).

■ Simply stated, the doctrine of exhaustion of remedies requires that one pursue all available administrative avenues of relief before turning to the courts. *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). Thus, under most circumstances, a litigant cannot interrupt an on-going administrative proceeding by asking the courts to review some agency action.

The exhaustion doctrine has several purposes. One is to give agencies the initial opportunity to apply their particular expertise to each problem. Another stems from the notion that constant interference with agency proceedings is an unwarranted judicial intrusion into an executive function. Finally, it is clear that such a piecemeal review is a poor allocation of our judicial resources.

■ There is, of course, an exception to the exhaustion doctrine. In short, plaintiff must show that immediate review is necessary to prevent the violation of some statutory or constitutional right, and that there

is a threat of irreparable harm. *Barnes v. Chatterton,* 375 F.Supp. 198 (E.D.Pa.1974).

In many of the cases nominally within this "exception" there has not in fact been an adequate administrative remedy or possibility of judicial review. For example, in *Pan American World Airways, Inc. v. Boyd,* 207 F.Supp. 152 (D.D.C.1962), the Court found ". . . that serious problems of both adjective and substantive law may well arise in connection with any attempt to seek judicial review . . . ." 207 F.Supp. at 160. *See also Comprehensive Group Health Services Board of Directors v. Temple University,* 363 F.Supp. 1069 (E.D.Pa. 1973).

■ Thus, the threshold question in this case must be whether plaintiff *has* an adequate administrative remedy at its disposal. The defendant here is following the procedures mandated by 40 C.F.R. § 164.1 *et seq.* (1975). Those regulations provide for a trial-type hearing before an administrative law judge, and review by the Administrator. Judicial review is available in the United States Court of Appeals.[3]

Plaintiff had reached the pre-hearing stage only. Although the administrative law judge has already ruled on plaintiff's constitutional claims, he has yet to hear the merits of the case. At that time plaintiff can seek review with the Administrator and then with the Court of Appeals. Thus plaintiff has an avenue of relief open both before the Environmental Protection Agency and in the judicial system.

The Court next must consider whether, even in light of available administrative remedies, plaintiff is threatened with irreparable harm. Plaintiff's complaint alleges that the defendant's actions have ". . . required plaintiff to expend considerable sums for purposes of defense . . .

---

1. The F.I.F.R.A. was amended by the Federal Environmental Pesticide Control Act of 1972. 7 U.S.C. § 135 *et seq.* (1972). The proposed penalty is authorized by the new Act. 7 U.S.C. § 136*l*(a)(1) (1972). Plaintiff claims that the application of that section to regulations promulgated under the old Act is unconstitutional.

2. 7 U.S.C. § 136n(c) reads:

    The district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of, this subchapter.

3. 7 U.S.C. § 136n(b) (1972).

[and] would deprive plaintiff of his property without due process of law as guaranteed under the Constitution of the United States." Such an allegation is totally insufficient. If the bare requirement of defending against an agency complaint was the type of irreparable harm contemplated by this exception, there would be no exhaustion requirement. Thus, such a threat ". . . cannot be established by a mere reliance on the burden of submitting to agency hearings. This is a risk of litigation that is inherent in society, and not the type of injury to justify judicial intervention." *Sears, Roebuck & Co. v. N.L.R.B.*, 153 U.S. App.D.C. 380 473 F.2d 91, 93 (1973).

Plaintiff urges that defendant is exceeding its legal authority, and because only legal issues are presented to this Court, that an exhaustion requirement should not be imposed. *Pan American World Airways, Inc. v. Boyd, supra.* Under these circumstances there is no reason to rely on agency expertise. However, other motives for allowing the orderly disposition of this case at the agency level still exist. *Cf. Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Further, pure legal issues often arise in the course of an agency proceeding, and such an exception might soon swallow the rule.

Finally, plaintiff urges that *Mobay Chemical Corp. v. Train*, 394 F.Supp. 1342 (W.D.Mo.1975) is authority for the proposition that 7 U.S.C. § 136n(c) gives this Court jurisdiction here regardless of exhaustion requirements. In that case the plaintiffs sued to require the Environmental Protection Agency to order compensation for the use of test data as required by statute. There was no administrative remedy open to plaintiffs there, however. *Mobay* does not lend support to the theory that § 136n(c) was intended to give plaintiff an opportunity for interlocutory appeal of agency rulings.

Thus, the Court finds that plaintiff has adequate remedies at the administrative level and has failed to exhaust them. Therefore, this suit will be dismissed.