565 F.2d 542
 Burton R. GALAWAY, Appellant,
v.
Thomas LAWSON, Individually and as Projects Coordinator,
Minnesota Department of Corrections, Kenneth F. Schoen,
Individually and as Commissioner, Department of Corrections,
and Patrick Mack, Individually and as Deputy Commissioner,
Department of Corrections, Appellees.
 No. 77-1067.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 13, 1977.
Decided Nov. 23, 1977.
 
 Randall D. B. Tigue, Minneapolis, Minn., for appellant.
 Warren R. Spannaus, Atty. Gen., St. Paul, Minn., argued, Richard B. Allyn, Sol. Gen., and Alan H. Maclin, Sp. Asst. Atty. Gen., St. Paul, Minn., on brief, for appellees.
 Before BRIGHT, WEBSTER and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Burton Galaway served as director of the Minnesota Restitution Center from July 1973 until he was fired on January 9, 1974. He brought this action for reinstatement and damages under 42 U.S.C. § 1983, claiming that his dismissal violated his constitutional rights. The district court denied him relief, and he brings this appeal. We affirm.
 
 
 2
 The Minnesota Restitution Center carried out an experimental program that permitted certain inmates from Minnesota state prisons to live in a halfway house and work at outside jobs. The goals of the program were to rehabilitate prisoners and to provide a means by which prisoners could provide some restitution to their victims.
 
 
 3
 Inmates offered an opportunity to participate in the program were chosen more or less at random from an eligible pool. One person selected from this pool was a convict who had gained considerable notoriety in Minnesota prior to his incarceration. When Galaway's immediate supervisor, Thomas Lawson, projects coordinator of the Department of Corrections, learned of this, he sent a memorandum to Galaway on January 2, 1974, ordering Galaway to exclude the convict from the program. Galaway responded on January 7 with a refusal to follow the order and then was discharged.
 
 
 4
 Galaway brought suit against Lawson and two other officials of the Department of Corrections, making three separate claims: (1) that he had been denied substantive due process because he was fired for failing to obey an order that would have resulted in the violation of a third party's protected rights; (2) that he was denied procedural due process because he was deprived of a property interest without notice and a hearing prior to his dismissal; (3) that he was denied procedural due process because he was deprived of a liberty interest without notice and a hearing prior to his dismissal.
 
 
 5
 The district court[1] in dismissing the action has prepared an extensive opinion discussing and rejecting each of Galaway's contentions. We have made an independent review of each of these claims and conclude that the district court correctly decided the issues. Accordingly, we affirm on the basis of the district court's opinion.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The Honorable Donald R. Ross, United States Circuit Judge for the Eighth Circuit, sitting by designation. Judge Ross' opinion is reported at 438 F.Supp. 968 (D.Minn.1976)