Louis J. GOOLEY, Earl Hemphill, and Steven Casey, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

James CONWAY, Individually and as Mayor of the City of St. Louis, R. Elliott Scearce, Individually and as Director of the Department of Personnel of the City of St. Louis, Charles L. Bussey, Jr., Individually and as Director of the St. Louis Agency on Training and Employment, Richard G. Miskimus, Individually and as Regional Administrator, Employment and Training Administration, U. S. Department of Labor and F. Ray Marshall, Individually and as Secretary, U. S. Department of Labor, Defendants.

No. 77–1121C(2).

United States District Court,
E. D. Missouri, E. D.

May 23, 1978.

**400**

Stuart R. Berkowitz, Stanley J. Eichner, Legal Services of Eastern Missouri, Inc., St. Louis, Mo., for plaintiffs.

Jack L. Koehr, City Counselor, Joseph R. Neimann, Asst. City Counselor, St. Louis, Mo., for other than Federal defendants.

Robert D. Kingsland, U. S. Atty., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for Federal defendants.

## MEMORANDUM

WANGELIN, District Judge.

Plaintiffs brought this action seeking reinstatement with back-pay from the date of their termination as St. Louis city employees. They seek to proceed as class representatives of all those persons similarly situated. The complaint is based upon the allegations set out below.

Plaintiffs Gooley, Hemphill and Casey all applied for employment with the City of St. Louis in 1977. Case was hired as a refuse collector in April of 1977. Gooley was hired as a laborer with the Parks Division, and Hemphill was hired as a street sweeper, both in July of 1977. All of the plaintiffs were paid with funds provided by the federal government under the Comprehensive Employment and Training Act of 1973 (CETA), 29 U.S.C. § 801 et seq.

On July 20, 1977 Gooley was fired, allegedly for failing to report to work. On August 25, 1977 Hemphill was fired, allegedly for negligently operating a street sweeper. On August 25, 1977 Casey was fired, allegedly for excessive absenteeism. Each plaintiff was given a written explanation of the discharge. Gooley and Hemphill complained to their supervisors and were told they could not contest their discharges. All three plaintiffs, through their attorneys, sought and were denied hearings by the Director of Personnel of the City of St. Louis.

After making the above allegations, the two count complaint alleges that (1) the City's failure to provide plaintiffs with a pre-termination hearing deprived them of due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and (2) regulations adopted pursuant to CETA require the City to provide a grievance procedure to resolve disputes between CETA employees and employers which includes written notice of any charges. They seek to invoke the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1336, 1337, 1343 and 1361 and 5 U.S.C. § 761.[1] Defendants have moved for summary judgment or to dismiss claiming that plaintiffs have not stated a cause of action or exhausted their available administrative remedies. Certain defendants have also challenged the Court's jurisdiction.

■ To fall within the protection of the due process clause of the Fifth or Fourteenth Amendments one must possess a constitutionally recognized property interest. The nature of that interest determines the process that is due. Only in extreme cases is a pre-deprivation (in this case pre-firing) hearing considered due. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). There is little question that these plaintiffs have not pleaded such an extreme case. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Further, it is questionable whether plaintiffs have sufficiently alleged a federally protected property interest at all. *Cf. Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In sum, plaintiffs' demand for a pre-firing hearing does not state a claim and the sufficiency of the entire due process claim is questionable.

■ Plaintiffs' allegations based upon CETA regulations stand in a different posture. There is little question that Department of Labor regulations require the "prime sponsor" (the City) to provide a grievance procedure for CETA employees. Plaintiffs have sufficiently alleged a failure by the City to provide any kind of grievance procedure. Thus, Count II of the complaint is meritorious, at least on its face. However, Count II is not in a posture that may be heard by the Court.

1. Plaintiff apparently intended to refer to the Administrative Procedure Act.

Department of Labor regulations at 29 C.F.R. §§ 98.40, 98.49 provide for a review by the Department of actions by a prime sponsor. Plaintiffs have not sought to employ those procedures. They claim that the procedures are "wholly inadequate for treating the issues raised." The Court does not agree.

The Department of Labor has an interest in monitoring the City's CETA program. It is in a position to provide plaintiffs with all the relief sought that this Court considers available. Elementary principles of administrative law acquire that plaintiffs exhaust these remedies before this Court may proceed. *Continental Research Corp. v. Train,* 426 F.Supp. 713 (E.D.Mo.1976). The Department of Labor has substantial expertise with regard to questions arising under CETA and this Court fully intends to give it an opportunity to be exercised. Accordingly, the action will be dismissed without prejudice to allow plaintiffs to pursue their administrative claims.

