Louis J. GOOLEY, Earl Hemphill and Steven Casey, on behalf of themselves and all other persons similarly situated, Appellants,

v.

James CONWAY, Individually and as Mayor of the City of St. Louis, R. Elliott Scearce, Individually and as Director of the Department of Personnel of the City of St. Louis, Charles L. Bussey, Jr., Individually and as Director of St. Louis Agency Training and Employment, Richard G. Miskimus, Individually and as Regional Administrator, Employment and Training Administration, U. S. Department of Labor, F. Ray Marshall, Individually and as Secretary, U. S. Department of Labor, Appellees.

No. 78–1410.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1978.

Decided Jan. 17, 1979.

---

**2.** It appears from the verdict that Grinder should have attempted to mitigate damages in the amount of one dollar.

Stuart R. Berkowitz, Legal Services of Eastern Missouri, Inc., St. Louis, Mo. (argued), and Stanley J. Eichner, St. Louis, Mo., on brief, for appellants.

Jonathan H. Waxman, U. S. Dept. of Labor, Washington, D. C. (argued), Carin Ann Clauss, Nathaniel Baccus, III, Edward N. Perry, Washington, D. C., Robert D. Kingsland, U. S. Atty. and Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellees.

Before GIBSON, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

Louis J. Gooley, Earl Hemphill and Steven Casey, hereinafter referred to as plaintiffs, appeal from a judgment of the United States District Court for the Eastern District of Missouri,[1] dismissing a complaint filed by them against the City of St. Louis, Missouri, the Mayor of the City, and other local and federal officials concerned with the administration in St. Louis of the public employment program established by the Comprehensive Employment and Training Act of 1973 (CETA), 29 U.S.C. § 801, *et seq.* The three plaintiffs had been hired by the City under the CETA program in the spring and summer of 1977; all were discharged in late July or August of that year. The complaint of the plaintiffs was and is that they were discharged without any prior notice and hearing. They contend that they had a constitutional right to such notice and hearing, or, alternatively, that they had certain job protection under the Act itself.

The suit was filed on October 20, 1977, and the complaint was amended on November 22 of that year. The local defendants filed an answer denying that plaintiffs were entitled to any relief. Thereafter both sets of defendants filed motions to dismiss the complaint, or alternatively, for summary judgment pursuant to Fed.R. Civ.P. 56(b). Those motions were granted in May, 1978; judgment in favor of the defendants was entered, and this appeal followed.[2]

The district court held that plaintiffs had no constitutional right in the circumstances to pre-termination notice and hearing. As to the alternative claim of plaintiffs, the district court was of the view that the complaint, as amended, adequately set out as a Second Cause of Action a failure of the City and its officials to establish a grievance procedure for the protection of CETA employees threatened with discharge as required by applicable CETA regulations. However, the district judge considered that plaintiffs had an adequate administrative remedy by proceeding against the City by means of complaints to the Department of Labor, and that plaintiffs should be required to exhaust that remedy, which they had not done. The complaint was dismissed *without prejudice.*[3]

---

1. The Honorable H. Kenneth Wangelin, United States District Judge.

2. The opinion of the district court appears in ·452 F.Supp. 399 (E.D.Mo.1978).

3. The view that the district judge took of the case rendered it unnecessary for him to pass upon the question of whether the plaintiffs were entitled to maintain the suit as a class action for the benefit of themselves and other CETA employees in St. Louis similarly situated.

For reversal, the plaintiffs again urge their constitutional claim; and they also contend that the district court erred in holding that they were required to exhaust in the Department of Labor the administrative remedies established by 29 C.F.R. §§ 98.40 *et seq.* Those remedies, say the plaintiffs, are inadequate to grant them any effective relief, at least within a reasonable time, and plaintiffs also contend that the administrative remedies in question are so burdensome that plaintiffs should not be required to exhaust them.

The record reflects that one of the plaintiffs was hired as a trash hauler; another was hired as a laborer in the parks owned and operated by the City; and the third was employed as a street sweeper and was supplied with a machine to use in his work. One of the plaintiffs was discharged for failure to report for work without excuse; another was fired on account of repeated absenteeism; and the plaintiff who had been hired as a street sweeper was discharged because of his alleged negligent management of his machine which caused it to sustain damage. None of the plaintiffs was discharged on account of race, religion, age, sex, color or national origin or because he had undertaken to exercise a federally protected right such as, for example, freedom of speech or freedom of association.

Each of the plaintiffs was given a written notice of termination which notice set out the reason for the discharge. However, each plaintiff was advised that he had no recourse with respect to the summary action taken by the City.

We agree with the district court that these plaintiffs in the circumstances of this case had no *constitutional* right to pre-termination notice and hearing. *See Gooley v. Conway*, 452 F.Supp. 399, 400 (E.D.Mo. 1978), and cases cited. *See also* the exhaustive discussion of the subject that appears in the opinion of Circuit Judge Ross sitting by designation on the district bench in Min-

nesota in the case of *Galaway v. Lawson*, 438 F.Supp. 968 (D.Minn.1976), *aff'd per curiam*, 565 F.2d 542 (8th Cir. 1977).

However, where a federal statute requires a state or local agency administering a federally funded program to provide grievance procedures for employees who had been or are about to be terminated, such procedures must be established and implemented. *Cf. Norton v. Blaylock*, 409 F.2d 772 (8th Cir. 1969), *aff'g* 285 F.Supp. 659 (E.D.Ark.1968).

Section 702 of the Act, as amended, 29 U.S.C. § 982, authorizes the Secretary of Labor, acting in conformity with the requirements of the Administrative Procedure Act, to promulgate rules and regulations applicable to the CETA program, and the Secretary has done so, as the district court noted.

Cities, like St. Louis, that participate in the CETA program are known as "prime sponsors," and individuals who are employed in the programs or who seek employment therein are known as "participants." 29 C.F.R. § 94.4(kk).

There is no question that the regulations that were in force during the period with which we are concerned required the City of St. Louis to set up grievance procedures that would have been available to these plaintiffs. 29 C.F.R. §§ 97.329 and 98.26. And there is no question that when these men were discharged the City had not established such procedures or at least was not implementing existing procedures, if there were any.

29 C.F.R. §§ 98.40–98.49, referred to by the district court, set out procedures whereby the Secretary may compel sponsors of CETA programs to comply with their obligations; and the procedures include complaints, notices, hearings, adjudications by the Secretary or his delegate, and limited judicial review of administrative determinations adverse to sponsors. 29 C.F.R. § 98.-49.[4]

---

**4.** The section of the regulations just mentioned must be read in connection with § 109 of the Act which appears as 29 U.S.C. § 819. The review is by direct petition by the aggrieved sponsor to be filed in the appropriate court of appeals, and the reviewing court is to apply the substantial evidence rule to the findings of the Secretary.

In holding that the plaintiffs had failed to exhaust their administrative remedies, it appears that the trial judge may have assumed that the procedures appearing in 29 C.F.R. § 98.40 et seq. were available to the plaintiffs and were adequate to afford them any relief to which they might be entitled. The district court said (452 F.Supp. at 401):

Department of Labor regulations at 29 C.F.R. §§ 98.40, 98.49 provide for a review by the Department of actions by a prime sponsor. Plaintiffs have not sought to employ those procedures. They claim that the procedures are 'wholly inadequate for treating the issues raised.' The Court does not agree.

The Department of Labor has an interest in monitoring the City's CETA program. It is in a position to provide plaintiffs with all the relief sought that this Court considers available. Elementary principles of administrative law require that plaintiffs exhaust these remedies before this Court may proceed. *Continental Research Corp. v. Train*, 426 F.Supp. 713 (E.D.Mo.1976). The Department of Labor has substantial expertise with regard to questions arising under CETA and this Court fully intends to give it an opportunity to be exercised. Accordingly, the action will be dismissed without prejudice to allow plaintiffs to pursue their administrative claims.

We find that we have some trouble with that approach. We are not convinced that the particular regulations to which the district court referred were ever intended to apply to day to day employer-employee controversies like the ones involved in this case; and we seriously doubt that it would be reasonable to require individual people of the type likely to be hired under municipal CETA programs to resort to the somewhat cumbersome procedures provided for by the regulations cited by the district judge.

However, as we have seen, the dismissal of the complaint was without prejudice, and it can be filed again. Additionally, in their brief counsel for the Secretary indicate that the administrative remedies in question are available to plaintiffs and can give them effective relief. For the present at least, we accept the representations of counsel as having been made in good faith and with understanding, and the views of the agency and its counsel as to the scope and effectiveness of the remedies in question are entitled to respect.

With affairs in this state, we affirm the judgment of the district court. If the plaintiffs apply promptly to the Department of Labor for relief, and if no effective action on that application is taken within a reasonable time, plaintiffs can come back into court. We express no opinion as to whether the City was justified in discharging any or all of the plaintiffs in 1977 either with or without due process hearings.

Affirmed.

GIBSON, Chief Judge, concurring in the result.

I concur in the opinion of the court that the district court should be affirmed. However, in my view the appellants were not entitled to any due process hearing prior to their termination of employment under the circumstances of this case. The appellants were participants in a temporary program of emergency relief financed by the federal government and administered by the City of St. Louis. No tenure attaches to these positions of employment by statute or contract. The City, as employer, should have the right to terminate persons holding these positions for any reason absent some constitutional discrimination.

There has been no showing of any violation of any constitutional rights in this case. To burden this program with pre-termination hearings and endless appeals, virtually all at public expense, would do great harm to the congressional policy expressed in this Act of securing employment for participants in the program.