ARKANSAS STATE HIGHWAY EM-
PLOYEES LOCAL 1315, James P. Ro-
well, Robert C. Conley, Jake Franks, Ed-
win Shinn, Spencer Y. Land, Walter
Mays, Robert Watson and A. D. Tate,
Appellees,

v.

Maurice SMITH, Lawrence Blackwell, J.
C. Patterson, George Kell and James A.
Branyan, Individually and as Commis-
sioners of the Arkansas State Highway
Commission, and Henry Gray, Individu-
ally and as Director of the Arkansas
State Highway Department, Appellants.

No. 78–1188.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1978.

Decided Oct. 10, 1978.

Rehearing and Rehearing En Banc
Denied Nov. 7, 1978.

Friday, Eldredge & Clark, Little Rock,
Ark. and Tom Keys, Atty., Arkansas State
Highway Commission, Little Rock, Ark., for
appellants. Appendix was also filed by
them.

John T. Lavey, Little Rock, Ark., for ap-
pellees.

Before LAY, BRIGHT and ROSS, Circuit
Judges.

PER CURIAM.

The Arkansas State Highway Employees
Local 1315, and eight individual employees
of the Arkansas State Highway Depart-
ment instituted this action for declaratory
and injunctive relief under 42 U.S.C. § 1983
against Maurice Smith, Lawrence Black-
well, J. C. Patterson, George Kell and
James A. Branyan, individually and as
Commissioners of the Arkansas State High-
way Commission, and Henry Gray, individu-
ally and as Director of the Arkansas State
Highway Department. The complaint al-
leged, *inter alia,* that the refusal of the
Commission and the Department to allow
Local 1315 to file or initiate grievances on
behalf of its members deprived Local 1315
of its right to petition government for the
redress of grievances in violation of the
First Amendment to the Constitution of the
United States.

The circumstances leading up to the
present litigation concern Robert Watson
and W. E. Hughes, employees of the Arkan-

sas State Highway Department. Watson was discharged by the Department and Hughes was suspended without pay for five days. Following unsuccessful discussions with their supervisors, each employee sent a letter to Local 1315, explaining the nature of their grievance and requesting the union to process the grievances on their behalf. In each case the union forwarded the employee's letter to the designated employer's representative and included its own letter stating that it represented the employees and desired to set up a meeting. The employer's representative did not respond to the union's letter. Thereafter each employee filed a written complaint directly with the employer representative. Local 1315 represented each employee at subsequent meetings with the employer representative, Watson was notified later that his discharge was justified, while Hughes was advised that his grievance would remain under advisement pending this action.

On cross-motions for summary judgment the district court found that under the grievance procedure the Commission will not consider a grievance unless the employee submits his written complaint directly to the designated employer representative. Relying principally on *United Mine Workers v. Illinois State Bar Association,* 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967), the district court concluded that that portion of the grievance procedure was unconstitutional because it prevents Local 1315 from filing a grievance on behalf of its members.

We agree and affirm the judgment of the district court on the basis of its opinion.

Plaintiffs' counsel is awarded a $300.00 attorney fee on this appeal.

It is so ordered.