SMITH ET AL. *v.* ARKANSAS STATE HIGHWAY
EMPLOYEES, LOCAL 1315, ET AL.

No. 78–1223.   Decided April 30, 1979

PER CURIAM.

In grievance proceedings initiated by employees of the
Arkansas State Highway Department, the State Highway
Commission will not consider a grievance unless the employee
submits his written complaint directly to the designated em-
ployer representative.   The District Court for the Eastern
District of Arkansas found that this procedure denied the
union representing the employees the ability to submit effec-
tive grievances on their behalf and therefore violated the First
Amendment.   459 F. Supp. 452 (1978).   The United States
Court of Appeals for the Eighth Circuit affirmed.[1]   585 F. 2d

---

[1] This suit was brought by the Arkansas State Highway Employees,
Local 1315, and eight of its individual members, after the Commission
refused to consider grievances submitted by the union on behalf of two
of its members.   The facts in these two cases are not in dispute:

"[E]ach employee sent a letter to Local 1315, explaining the nature of
their grievance and requesting the union to process the grievances on their

876 (1978). We disagree with these holdings; finding no constitutional violation in the actions of the Commission or its individual members, we grant certiorari and reverse the judgment of the Court of Appeals.

The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. And it protects the right of associations to engage in advocacy on behalf of their members. *NAACP* v. *Button,* 371 U. S. 415 (1963); *Eastern Railroad Presidents Conf.* v. *Noerr Motor Freight, Inc.,* 365 U. S. 127 (1961). The government is prohibited from infringing upon these guarantees either by a general prohibition against certain forms of advocacy, *NAACP* v. *Button, supra,* or by imposing sanctions for the expression of particular views it opposes, *e. g., Brandenburg* v. *Ohio,* 395 U. S. 444 (1969); *Garrison* v. *Louisiana,* 379 U. S. 64 (1964).

But the First Amendment is not a substitute for the national labor relations laws. As the Court of Appeals for the Seventh Circuit recognized in *Hanover Township Federation of Teachers* v. *Hanover Community School Corp.,* 457 F. 2d 456 (1972), the fact that procedures followed by a public employer in bypassing the union and dealing directly with its members might well be unfair labor practices were federal statutory law applicable hardly establishes that such procedures violate the Constitution. The First Amendment right

---

behalf. In each case the union forwarded the employee's letter to the designated employer's representative and included its own letter stating that it represented the employees and desired to set up a meeting. The employer's representative did not respond to the union's letter. Thereafter each employee filed a written complaint directly with the employer representative. Local 1315 represented each employee at subsequent meetings with the employer representative." 585 F. 2d, at 877.

The individual Commissioners of the Arkansas State Highway Commission and the Director of the State Highway Department were named as defendants, and are the petitioners in this Court.

to associate and to advocate "provides no guarantee that a speech will persuade or that advocacy will be effective." *Id.,* at 461. The public employee surely can associate and speak freely and petition openly, and he is protected by the First Amendment from retaliation for doing so. See *Pickering* v. *Board of Education,* 391 U. S. 563, 574–575 (1968); *Shelton* v. *Tucker,* 364 U. S. 479 (1960). But the First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it.[2]

In the case before us, there is no claim that the Highway Commission has prohibited its employees from joining together in a union, or from persuading others to do so, or from advocating any particular ideas. There is, in short, no claim of retaliation or discrimination proscribed by the First Amendment. Rather, the complaint of the union and its members is simply that the Commission refuses to consider or act upon grievances when filed by the union rather than by the employee directly.

Were public employers such as the Commission subject to the same labor laws applicable to private employers, this refusal might well constitute an unfair labor practice. We may assume that it would and, further, that it tends to impair or undermine—if only slightly [3]—the effectiveness of the union

[2] See *Hanover Township Federation of Teachers* v. *Hanover Community School Corp.,* 457 F. 2d 456, 461 (CA7 1972), quoting *Indianapolis Education Assn.* v. *Lewallen,* 72 LRRM 2071, 2072 (CA7 1969) ("there is no constitutional duty to bargain collectively with an exclusive bargaining agent").

[3] The union does represent its members at all meetings with employer representatives subsequent to the filing of a written grievance. See n. 1, *supra.* The "impairment" is thus limited to the requirement that written complaints, to be considered, must initially be submitted directly to the employer representative by the employee. There appears to be no bar, however, on the employee's securing any form of advice from his union, or

in representing the economic interests of its members. Cf. *Hanover Township, supra.*

But this type of "impairment" is not one that the Constitution prohibits. Far from taking steps to prohibit or discourage union membership or association, all that the Commission has done in its challenged conduct is simply to ignore the union. That it is free to do.

The judgment of the Court of Appeals is therefore reversed.

*It is so ordered.*

MR. JUSTICE POWELL took no part in the consideration or decision of this case.

MR. JUSTICE MARSHALL, dissenting.

Now this Court is deciding vital constitutional questions without even a plenary hearing. I dissent.

This Court has long held that the First Amendment protects the right of unions to secure legal representation for their members. *Mine Workers* v. *Illinois State Bar Assn.,* 389 U. S. 217, 221–222 (1967); *Railroad Trainmen* v. *Virginia ex rel. Virginia State Bar,* 377 U. S. 1, 8 (1964); see *Transportation Union* v. *State Bar of Michigan,* 401 U. S. 576 (1971); *NAACP* v. *Button,* 371 U. S. 415 (1963); *Eastern Railroad Presidents Conf.* v. *Noerr Motor Freight, Inc.,* 365 U. S. 127 (1961). Based on this precedent and on Arkansas' recognition of public employees' right to organize and join a union, *Potts* v. *Hay,* 229 Ark. 830, 315 S. W. 2d 826 (1958), the Court of Appeals concluded that the First Amendment also encompasses respondent union's right to file grievances on behalf of its members. If under *Mine Workers* and *Railroad Trainmen* a public employer may not refuse to entertain a grievance submitted by a union-salaried attorney, it is not immediately

---

from anyone else. Cf. *Mine Workers* v. *Illinois State Bar Assn.,* 389 U. S. 217 (1967); *Railroad Trainmen* v. *Virginia ex rel. Virginia State Bar,* 377 U. S. 1 (1964).

apparent why the employer in this case should be entitled to reject a grievance asserted by the union itself.

I decline to join a summary reversal that so cavalierly disposes of substantial First Amendment issues.*

---

*Moreover, summary reversal seems to me an especially inappropriate means of resolving conflicts between the United States Courts of Appeals. Compare *Arkansas State Highway Employees Local 1315* v. *Smith,* 585 F. 2d 876 (CA8 1978), with *Hanover Township Federation of Teachers* v. *Hanover Community School Corp.,* 457 F. 2d 456 (CA7 1972).