**MISSOURI NATIONAL EDUCATION ASSOCIATION, Jo Alexander, Lynn Bahr, Jerry Bailey, Virginia Nace, Vicki T. Nelms, Arvil Skinner, Gail Schmelzer, Nancy Whatley and Mary Jane Wilson, Plaintiffs,**

v.

**NEW MADRID COUNTY R–1 EN-LARGED SCHOOL DISTRICT and Ray Melton.**

No. S82–161C(D).

United States District Court, E.D. Missouri, Southeastern Division.

June 14, 1984.

Opinion on Motion For New Trial Sept. 28, 1984.

Opinion on Motion For Declaratory and Injunctive Relief Dec. 19, 1984.

Opinion on Attorneys' Fees and Costs March 25, 1985.

Christopher Hexter, Schuchat, Cook & Werner, St. Louis, Mo., David G. Beeson, Buerkle, Beeson & Ludwig, Jackson, Mo., for plaintiffs.

Harold D. Jones, Bock & Jones, Hal E. Hunter, Jr., Hunter & Hunter, New Madrid, Mo., James E. Spain, Hyde, Purcell, Wilhoit, Spain, Edmundson and Merrell, Poplar Bluff, Mo., for defendant.

### JUDGMENT

WANGELIN, District Judge.

This action came on for trial before the Court and a jury, Honorable H. Kenneth Wangelin, District Judge presiding and the issues having been duly tried and the jury having rendered its verdict.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be and hereby is entered in favor of plaintiffs Jo Alexander and Arvil Skinner on their claims for deprivation of their first amendment rights and against defendants New Madrid County R–1 Enlarged School District and Ray Melton in the amount of $0.00 (zero dollars).

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and hereby is entered in favor of defendants New Madrid County R–1 Enlarged School District and Ray Melton and against plaintiffs Lynn Bahr, Jerry Bailey, Virginia Nace, Vicki T. Nelms, Gail Schmelzer, Nancy Whatley and Mary Jane Wilson.

IT IS FURTHER ORDERED AND ADJUDGED that costs shall be accessed at ⅔% (two-ninths percent) of total costs against defendants and ⅑% (one-ninth percent) of the total against each of the non-prevailing plaintiffs.

### ON MOTION FOR NEW TRIAL

This matter is before the Court upon plaintiffs' motion for declaratory and injunctive relief. Trial was had on the issue of damages and the jury returned a verdict in favor of two plaintiffs, but awarding no damages, and against the other seven plaintiffs.

Presently before the Court is the motion of individual plaintiffs Alexander and Skinner for declaratory and injunctive relief. Also before the Court is the motion by plaintiff Missouri National Education Association for the same relief.

The Court is hesitant to decide these issues, however, without first examining the propriety and the wisdom of engaging in deliberation on these arguments. The Court questions whether it has the jurisdiction to decide the wholly equitable claims of the organizational plaintiff. Moreover, the Court questions whether it would be better, now that the legal claims have been decided, to allow further proceedings in this matter to be addressed by a tribunal specifically established for such a purpose as, for example, the National Labor Relations Board. These issues have not been addressed by the parties and the Court would appreciate their thoughts in this regard.

Accordingly,

IT IS HEREBY ORDERED that a decision on plaintiffs' motions for declaratory and injunctive relief be and is STAYED pending further briefs; and

IT IS FURTHER ORDERED that the parties shall have twenty (20) days from the date of this Order to provide briefs concerning issues raised in this Memorandum.

## ORDER

IT IS HEREBY ORDERED that plaintiffs' motion for new trial be and is DENIED.

## ON MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF

This matter is before the Court upon the motions of plaintiffs Alexander, Skinner, and the Missouri National Education Association (MNEA) for declaratory and injunctive relief. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3).

This case was originally filed on behalf of eleven (11) individual teachers and the Missouri National Education Association against defendants the New Madrid R–1 Enlarged School District and Superintendent Ray Melton. Prior to trial two of the plaintiffs dismissed their claims against defendants.

This cause was tried before a jury which rendered a verdict in favor of plaintiffs Alexander and Skinner, but did not award any damages, and against the seven other individual plaintiffs. Plaintiff MNEA and the individual plaintiffs reserved their claims for declaratory and injunctive for a decision by the Court. Further briefs were requested from the parties concerning whether, in its pure injunctive and declaratory state, the claims of the organizational plaintiff would be more appropriately adjudicated before the National Labor Relations Board. After a review of plaintiff's briefs regarding this issue the Court finds that resolution of this dispute may properly and appropriately be made at this time. Accordingly, the Court will now address plaintiffs' claims for declaratory and injunctive relief.

Plaintiff's Skinner and Alexander seek declaratory and injunctive relief as follows:

1. That the Court enter a Declaratory Judgment that the defendants' policies, practices and/or acts of harassing, intimidating and/or coercing plaintiffs Alexander and Skinner for either belonging to New Madrid National Education Association and Missouri National Education Association or simply not belonging to Missouri State Teachers Association was and is a violation of the First and Fourteenth Amendments to the United States Constitution.

2. That the Court enter a Declaratory Judgment that the defendants' policies, practices and/or acts of granting privileges to teacher members of New Madrid Community Teachers Association and Missouri State Teachers Association while at the same time denying these privileges to plaintiffs' Alexander and Skinner, who were and are members of Missouri National Education Association, was and is a violation of the First and Fourteenth Amendments to the United States Constitution.

3. That the Court order defendants to return plaintiff Jo Alexander to teaching the same level of math courses she taught up through the 1981–82 school year either at Portageville High School or the School District's Central High School complex. That at a minimum, these classes include the same or similar number of geometry and algebra sections that plaintiff Alexander taught during the 1981–82 school year at Portageville High School.

4. That in consideration for any future transfers, reassignments or the filling of vacancies, defendants will be required to credit plaintiff Alexander with teaching the same level and number of algebra and geometry classes in the 1982–83 and 1983–84 school years that she had taught in the 1981–82 school year at Portageville High School.

5. That in returning plaintiff Alexander to the teaching position she would have occupied but for the defendants' violations

of her Constitutional rights, the Court will order defendants to return to Alexander the expenses she incurred in travelling on a daily basis between her home in Portageville, Missouri and the West Campus of Central High School in Howardville, Missouri during the 1982–83, 1983–84, and 1984–85 school years.

6. That the Court will order defendants to return plaintiff Arvil Skinner to his former high school counseling position at Portageville High School.

7. That, in consideration for any future transfers, reassignments or the filling of vacancies, defendants will be required to credit plaintiff Skinner as though he had served in the high school counseling position at Portageville High School for the 1982–83 and 1983–84 school years. .

8. That, in returning plaintiff Skinner to the counseling position that he would have occupied but for defendants' violation of his Constitutional rights, the Court will order defendants to compensate plaintiff Skinner with the additional wages that he would have earned had he been employed as a high school counselor during the 1982–83, 1983–84, and 1984–85 school years.

9. That defendants New Madrid County R–1 Enlarged School District and Ray Melton, including all School Board Members, agents, administrators, and all persons in active concert and participation with them, are enjoined not to harass, intimidate, or coerce plaintiffs Alexander and Skinner into belonging to Missouri State Teachers Association and not belonging to New Madrid National Education Association and Missouri National Education Association.

10. That defendants New Madrid County R–1 Enlarged School District and Ray Melton, including all School Board Members, agents, administrators, and all persons in active concert and participation with them are enjoined to grant the same privileges to members and access to representatives of the New Madrid National Education Association and Missouri National Education Association, the associations which plaintiffs Alexander and Skinner belong, that they have previously granted to teachers and representatives of New Madrid Community Teachers Association and Missouri State Teachers Association, including, but not limited to:

(a) Use of teacher mailboxes and bulletin boards in the teacher lounges of School District schools to post notices relating to the business of New Madrid National Education Association and Missouri National Education Association just as they were and are used by both New Madrid Community Teachers Association and Missouri State Teachers Association;

(b) Use of school facilities for meetings of New Madrid National Education Association in the same manner and under the same conditions as those facilities were and are presently utilized for meetings by New Madrid Community Teachers Association and other community civic organizations;

(c) Access to the school buildings by the representative(s) of Missouri National Education Association assigned to the New Madrid County R–1 Enlarged School District under the same terms and conditions that were and are still extended to the representative(s) of the Missouri State Teachers Association;

(d) Dues deduction privileges to teacher members of New Madrid National Education Association and Missouri National Education Association on the same basis that those dues deduction privileges have been and are already granted to teachers in New Madrid Community Teachers Association and Missouri State Teachers Association.

11. That the order issued by the Court be posted by the defendants on the bulletin boards in the teacher lounges of each of the School District's school buildings and be placed in the mailboxes of the certificated staff of the School District.

Plaintiff MNEA requests essentially the same declaratory and injunctive relief. Because of this Court's decision with respect to plaintiff MNEA's claims, these claims need not be set out in detail.

Testimony offered at trial indicated that certain members of the New Madrid County School Board, as well as administrators of the School District, evidenced a degree of hostility to the National Education Association. Moreover, plaintiffs allege that the record is repleat with attempts to intimidate teachers and dissuade them from joining the MNEA. This intimidation allegedly took the form of stripping employees of additional jobs such as bus driver or student driver instructor. Additionally, plaintiffs argue that every probationary teacher who joined the National Education Association was terminated in April of 1982 and that other members of the Association were transferred from their normal teaching positions to lesser teaching positions in May of 1982. Finally, plaintiffs contend that the school district discriminated against the National Education Association by precluding the distribution of literature and barring meetings in school facilities, and denying a dues deduction check-off, all of which are provided. Plaintiffs seek relief from all of these alleged discriminatory practices and harassment.

### THE ORGANIZATIONAL PLAINTIFF

██ The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. It also protects the right of associations to engage in advocacy on behalf of their members. *NAACP v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); *Eastern Railroad Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961). The First Amendment prohibits government interference with the guarantes either by a general prohibition of certain forms of advocacy or by imposing sanctions for the expression of particular views it opposes. *See Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969); *Garrison v. Louisiana*, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964).

However, as explained in *Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 99 S.Ct. 1826, 60 L.Ed.2d 360 (1979), the First Amendment "does not impose any affirmative obligation on the government to listen, to respond, or in this context, to recognize the [labor] association and bargain with it." Thus, while the rights of the individual teachers must be protected, the Court finds no independent rights that can properly be asserted by plaintiff MNEA. Therefore, plaintiff MNEA's claims for injunctive and declaratory relief will be denied. *See also Hanover Township Federation of Teachers Local 1954 v. Hanover Community School Corporation*, 457 F.2d 456 (7th Cir.1972).

### THE INDIVIDUAL PLAINTIFFS

██ With respect to the individual plaintiffs it is clear that the jury verdict rejected the view of widespread harassment and discrimination imposed by defendants. As noted, *supra*, the jury found for only two of the nine plaintiffs and awarded no damages. This Court is bound by the jury's determination of the facts. Therefore, this Court finds that plaintiffs Alexander and Skinner suffered retaliatory job transfers due to their association with plaintiff MNEA and they will be accorded equitable relief to rectify defendant's actions. All other plaintiffs were found not to be discriminated against and, therefore, the broad declaratory and injunctive relief requested by plaintiffs will not be granted. Moreover, the jury awarded plaintiffs Skinner and Alexander no damages. Thus, the Court is compelled to deny their current prayer for monetary relief.

██ Moreover, the Court will deny plaintiffs' requests for equitable relief vis a vis their relationship with the Missouri National Education Association. As noted in *Smith*, *supra*, there is no constitutional requirement that the defendant School District recognize MNEA; there is only the requirement that defendant not discriminate against those who wish to join the MNEA.

In conclusion, plaintiff MNEA's motion for declaratory and injunctive relief will be denied. The motion of plaintiffs Skinner

and Alexander for declaratory and injunctive relief will be granted in so far as it restores them to their former positions and protects their First Amendment right of free speech and association without fear of retribution. To the extent, however, that they request declaratory and injunctive relief to have the defendant School District recognize or otherwise deal with plaintiff MNEA, their motion will be denied. Finally, their request for monetary relief will be denied.

## ON ATTORNEYS' FEES AND COSTS

This matter is before the Court upon the parties' motion for attorneys' fees and costs. Trial was had on this cause between June 4 and 14, 1984 and the jury entered a verdict for two of nine of the individual plaintiffs but awarded no damages. The Court later entered declaratory and injunctive relief for the two successful plaintiffs.

■ Plaintiffs seek a total of One Hundred Forty One Thousand Three Hundred Sixteen Dollars and Fifty Cents ($141,-316.50)[1] in attorneys' fees and Sixteen Thousand Eight Hundred Eighty Nine Dollars and Fifty One Cents ($16,889.51) in reasonable expenses. Defendants oppose plaintiffs' motion for attorneys' fees and seek a total of One Hundred Six Thousand Eight Hundred Sixteen Dollars and Seventy Six Cents ($106,816.76) for attorneys' fees and out-of-pocket expenses. Defendants' motion must be denied. Rule 30 of the Local Rules of the United States District Court for the Eastern District of Missouri provides, in pertinent part:

In any case where a party is entitled to an award of attorney's fees, regardless of whether said entitlement has its source in a contract or a statute, said party shall file a claim for attorney's fees no later than twenty-one (21) days after entry of judgement on the merits.

This Court entered its final judgment on the merits on December 19, 1984. Hence, defendants' motion was filed out of time and must be denied. Moreover, this Court finds that plaintiffs' claim was not, as a matter of law, "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Therefore, even if defendants could be considered "prevailing defendants", which is highly doubtful, they could not recover attorneys' fees or costs.

As to plaintiffs' motion, a more complex analysis is necessary. Plaintiff seeks attorneys' fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 which authorizes a district court to award a reasonable attorney's fee to prevailing parties in civil rights litigation.

■ The first point to determine, therefore, is whether plaintiff was a prevailing party in the instant cause. Generally, a plaintiff may be considered a "prevailing party" if he or she succeeds "on any significant issue in litigation which achieves

---

1. Plaintiffs seek compensation for a total of One Thousand Five Hundred Seventy Nine point Forty Eight Hours (1,579.48) spent on this cause. The amount of time spent by each of plaintiffs' attorneys, together with their reasonable rate of pay and the total amount each attorneys' fees is as follows:

| | |
|---|---|
| Christopher T. Hexter | 890.87 hours |
| David G. Beeson | 608.5 hours |
| Sally E. Barker | 37.5 hours |
| Marilyn S. Teitelbaum | 12.4 hours |
| Louis R. Branz | 9.7 hours |
| Matthew J. Duensing | 10.0 hours |
| Christine Lay (legal assistance) | 10.5 hours |

| | |
|---|---|
| Christopher T. Hexter | $100.00 |
| David G. Beeson | $ 75.00 |
| Sally E. Barker | $100.00 |
| Marilyn S. Teitelbaum | $100.00 |
| Louis R. Branz | $ 60.00 |
| Matthew J. Duensing | $ 60.00 |
| Christine Lay (legal assistance) | $ 40.00 |

| | |
|---|---|
| Christopher T. Hexter | $89,087.00 |
| David G. Beeson | $45,637.50 |
| Sally E. Barker | $ 3,750.00 |
| Marilyn S. Teitelbaum | $ 1,240.00 |
| Louis R. Branz | $ 582.00 |
| Matthew J. Duensing | $ 600.00 |
| Christine Lay (legal assistance) | $ 420.00 |

While the Court does not find the hourly rates to be excessive, the number of hours spent, relative to the results achieved, are excessive as explained in the main body of the memorandum.

some of the benefit the parties sought in bringing the litigation." *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978).

A review of the total relief requested by the nine individual plaintiffs and the Missouri National Education Association (M.N. E.A.), juxtaposed against the eventual award, reveals a significant discrepancy. This case was originally brought by eleven individual plaintiffs and the M.N.E.A. Prior to trial two of the plaintiffs dismissed their complaints. As noted, *supra,* of the remaining nine plaintiffs only two received a verdict in their favor but were awarded no money damages. The two successful plaintiffs were awarded declaratory and injunctive relief in the form of reinstatement to their previous jobs and credit for lost time, a declaration that their First and Fourteenth Amendment rights had been violated, and an order enjoining the defendants from further harassing, intimidating, or coercing them. The M.N.E.A.'s request for declaratory and injunctive relief was denied.

Originally, plaintiffs had sought the following:

(a) That the Court enter a declaratory judgment that Defendants' policies, practices and/or acts of harassing, intimidating, and/or coercing Plaintiffs and other School District teachers for either belonging to the New Madrid NEA or not belonging to either the New Madrid NEA or the Missouri State Teachers Association and pressuring them to belong to the Missouri State Teachers Association was and is a violation or the First and Fourteenth Amendments to the United States Constitution.

(b) That the Court enter a declaratory judgment that the Defendants' policies, practices and/or acts of granting privileges and access to representatives of the Missouri State Teachers Association and members of the CTA while at the same time denying these same privileges and access to representatives of the Missouri National Education Association was and is a violation of the First and Fourteenth Amendments to the United States Constitution.

(c) That the Court enter a declaratory judgment that the Defendants' non-renewal of the teaching contracts of Plaintiffs Bahr, Bailey, Porter, Whatley and Nelms and the transfer or reassignment of Plaintiffs Alexander, Skinner, Wilson, Schmelzer, and Nace was a violation of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

(d) That the Court enjoin the Defendants, their successors, officers, agents, representative, employees, attorneys and those acting in concert with them from engaging in the policies, practices and acts complained of herein or in any other employment practices or acts which discriminate against Plaintiffs in violation of their rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.

(e) That the Court order Defendants to offer Plaintiffs Bahr, Bailey, Porter, Whatley and Nelms teaching contracts for the 1982–83 school year and to make them whole for any and all losses and damages suffered as a result of Defendants' unlawful employment practices, including, *inter alia,* back wages, credit for continuous employment as if the unlawful acts complained of herein had not occurred, and other related employment benefits lost to Plaintiffs due to Defendants' unlawful actions, policies and practices as alleged herein.

(f) Order Defendants to return Plaintiffs Alexander, Skinner, Wilson, Schmelzer, and Nace to their former teaching positions and to make them whole for any and all losses or damages suffered as a result of Defendants' unlawful employment practices.

(h) That a judgment be entered against Defendants for the additional costs that each of the Plaintiffs had to incur either as a result of the non-renewal of their contracts or as a result of their involuntary transfers and/or assignment to other teaching positions in the New Madrid County R–1 School District of the 1982–83 school year.

(i) That a judgment be entered against Defendants for an amount of Twenty Thousand Dollars ($20,000.00) for each of the

Plaintiffs whose contracts were not renewed for the 1982–83 school year and Ten Thousand Dollars ($10,000.00) for each of the Plaintiffs who were involuntarily transferred or reassigned for the 1982–83 school year for the pain, suffering, great humiliation and embarrassment suffered by each of the Plaintiffs on account of the violation by Defendants of Plaintiffs' rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.

(j) That a judgment for punitive damages be entered against Defendant Melton in the amount of Ten Thousand Dollars ($10,-000.00) for each of the individual Plaintiffs.

Plaintiffs were awarded only some of the declaratory and injunctive relief requested in subparagraphs (a), (c), (d), and (f) and then only to the extent that the relief was that requested by plaintiffs Alexander and Skinner. Furthermore, plaintiffs received none of the approximately Two Hundred Forty Thousand Dollars ($240,000.00) in actual and punitive damages that they sought. Viewed in this context, plaintiffs' statement that they have achieved "excellent results" must be reviewed with more than a little doubt.

In *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) the Court noted that if "excellent results" are achieved, plaintiffs' attorney should recover a fully compensatory fee.

If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained. *Id.* at 436, 103 S.Ct. at 1941.

▮ The degree of success obtained in this cause, in this Court's view, is quite minimal. The Court finds that plaintiffs should receive a fraction of attorney's fees in concurrence with the fraction of plaintiffs that were successful. In this instance, there were nine individual plaintiffs and one organizational plaintiff. Of these ten plaintiffs only two were successful and then only with respect to a portion of relief requested. In accordance with this, the Court will award plaintiffs one-fifth (⅕) of the attorneys' fees requested. This amounts to Twenty Eight Thousand Two Hundred Sixty Three Dollars and Thirty Cents ($28,263.30).

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for attorneys' fees and costs be and is AWARDED in part; and

IT IS FURTHER ORDERED that plaintiffs be and are awarded Twenty Eight Thousand Two Hundred Sixty Three Dollars and Thirty Cents ($28,263.30) in attorneys' fees; and

IT IS FURTHER ORDERED that plaintiffs' be and are awarded Sixteen Thousand Eight Hundred Eighty Nine Dollars and Fifty One Cents ($16,889.51) in costs.