122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HELMET LAW DEFENSE LEAGUE; Steven W. Bianco; Kelly Prince;
Alan Marcillet; and Michael Carlin, Plaintiffs-Appellants,
v.
CALIFORNIA HIGHWAY PATROL; Maurice Hannigan, as
Commissioner of the California Highway Patrol; Dwight
Helmick, as Deputy Commissioner of the California Highway
Patrol; Mike Nivens, CHP Lieutenant; C.L. Shipley, CHP
Captain; W. c. Brown, CHP Captain; Stan Hannahs, CHP
Lieutenant; Rothman, CHP General Counsel; Steve Ellis, CHP
Captain; Joe Kingman, CHP Officer; and Craig Kunzler, CHP
Officer, Defendants-Appellees.
 No. 96-16382.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 5, 1997.
Decided Sept. 5, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-95-20789-JW/EAI James Ware, District Judge, Presiding.
 
 
 2
 Before: CHOY and HALL, Circuit Judges; and REAL**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 This civil-rights action arises from California's mandatory motorcycle helmet law, Cal.Veh.Code §§ 27802-03 ("the helmet law"). Plaintiffs Kelly Prince, Alan Marcillet and Michael Carlin, received citations for failing to wear an approved motorcycle helmet in compliance with the helmet law. These plaintiffs claim under 42 U.S.C. § 1983 that the officers who cited them violated the Fourth Amendment by detaining and citing them without reasonable suspicion or probable cause.
 
 
 5
 The second group of plaintiffs include the Helmet Law Defense League ("Helmet Law"), its National Director Steven Bianco, and its Senior Deputy Director Richard Quigley. In their claims under section 1983, these plaintiffs allege that the CHP and its officials violated a purported duty under the First Amendment to respond adequately to their requests for an explanation of how to comply with the helmet law, "with certainty."
 
 
 6
 The district court granted defendants' motion for summary judgment. For the reasons discussed below, we affirm. See USA Petroleum Co. v. Atlantic Richfield Co., 13 F.3d 1276, 1279 (9th Cir.1994) (grant of summary judgment can be affirmed on any basis supported by the record).
 
 I.
 
 7
 In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a section 1983 action must be dismissed if it would "render a conviction or sentence invalid" where the conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal that is authorized to make such a determination, or called into question through issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. "Heck, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996). See also Anderson v. County of Montgomery, 111 F.3d 494 (7th Cir.1997) (Heck 's reasoning applies equally to prisoners in custody and to convicted individuals not currently incarcerated); Schilling v. White, 58 F.3d 1081 (6th Cir.1995) (same)
 
 
 8
 The criminal convictions of plaintiffs Prince, Marcillet and Carlin for violating the helmet law are "fundamentally inconsistent" with a finding that defendants lacked probable cause to issue the citations. Heck therefore bars the claims of plaintiffs Prince, Marcillet and Carlin.
 
 II.
 
 9
 An association has standing to sue on its members' behalf when: 1) its members would otherwise have the right to sue individually; 2) the interests it seeks to protect are relevant to its purpose; and 3) neither the claims alleged nor the relief sought require individual members to participate in the suit. Responsible Government, Inc. v. Washoe County, 110 F.3d 699, 702 (9th Cir.1997), quoting United Food and Commercial Workers v. Brown Group, 517U.S. 544, ---, 116 S.Ct. 1529, 1534 (1996). In Responsible Government, this court held that the plaintiff association lacked standing since the record did not specify who belonged to the organization or the purpose of the organization. 110 F.3d at 702.
 
 
 10
 We agree with the district court that the Defense League failed to allege sufficient facts to show it had standing. The complaint did not explain who belongs to the Defense League, other than Bianco and Quigley. Nor did the complaint adequately specify the purpose of the organization.
 
 III.
 
 11
 The First Amendment protects the right of an individual to petition the government for redress of grievances. Smith v. Arkansas State Highway Employees, 441 U.S. 463, 464 (1979). "But the First Amendment does not impose any affirmative obligation on the government to listen [or] to respond...." Id. at 465. In particular, the Constitution does not require public bodies making policy decisions to listen to the views of members of the public. Minnesota Bd. for Community Colleges v. Knight, 465 U.S. 271, 283-85 (1984).
 
 
 12
 Bianco's and Quigley's allegations in this case boil down to their belief that the CHP did not respond appropriately to their requests for an explanation of how to comply with the helmet law. They do not allege that the CHP somehow prohibited them from speaking or punished them for doing so. As a result, their claims fail as a matter of law.
 
 CONCLUSION
 
 13
 Under Heck v. Humphrey, plaintiffs Prince, Marcillet, and Carlin cannot seek relief under Section 1983 since their claims are fundamentally inconsistent with their criminal convictions. The Defense League failed to allege its standing to sue. Finally, Bianco's and Quigley's First Amendment claims fail because the government is not obligated to listen or respond to an individual's petition for redress of grievances. Accordingly, we AFFIRM the district court's grant of summary judgment.
 
 
 
 **
 The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3