**Constance WELLS, Plaintiff–Appellee,**

v.

**Patrick J. O'MALLEY, Daniel Gallagher, Samir Mohammad, Kenneth Dowell, and William Newsome, Defendants–Appellants.**

No. 01–3343.

United States Court of Appeals,
Sixth Circuit.

March 27, 2002.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

OPINION

O'MEARA, District Judge.

Plaintiff–Appellee Constance Wells, a former employee of the Cuyahoga County Recorder's Office, sued five public officials for allegedly retaliating against her for participating in union activities. The five public officials moved for summary judgment based on, among other things, qualified immunity. The district court granted summary judgment in part, but it declined to find qualified immunity. In this interlocutory appeal, the public officials seek reversal of the district court's denial of

qualified immunity. For the reasons that follow, this court will AFFIRM a portion of the decision of the district court.

I. BACKGROUND

On December 2, 1999, plaintiff-appellee Constance Wells' employment in the Cuyahoga County Recorder's Office ended involuntarily. Her tenure had begun over two years earlier as administrative assistant to Recorder Patrick O'Malley, an elected official and a defendant in this action. Wells later became the payroll officer and finally PC specialist.

During the time she was payroll officer, Wells was, as an administrator, ineligible for membership in the new Local 4309 of the Communications Workers of America, AFL–CIO, which was conducting an organizational drive. However, when she became the PC specialist, she signed a recognition card. Wells attended the first union meeting in October 1999. At that meeting Wells told fellow members that she saw the union as a vehicle to take politics out of the workplace and that promotions and pay should be based on merit.

The next day members of the administration and department supervisors questioned employees about what had gone on at the union meeting. Wells, who recognized that supervisory and administrative personnel should not be questioning employees about what had taken place at meetings, contacted the union and advised it that administrators had been making inquiry.

Four weeks later at a November 15, 1999 union meeting, Wells again spoke to her fellow employees, opining that promotions and pay should be based on merit, not on doing political work for the office

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

holder. Also at that meeting a document was distributed that purported to show the salaries and benefits for every employee of the office. Much of the information contained in the document had been misappropriated from non-public, Recorder's Office files, leading administrators to investigate its source.

Wells claimed that the ensuing investigation led administrators to question her and fellow employees about union activities. Eventually, it was discovered that the pilfered document came from the computer of Wells' co-worker, a person who subsequently resigned. The following day Wells was transferred to a position in the data entry department, a position that for purposes of this appeal is acknowledged as a demotion. Wells alleged that the action taken against her was in retaliation for her participating in union activities. Defendants argued that the move was made in order to make the data entry department more efficient.

The trial court denied Defendants' motion for summary judgment based on qualified immunity, finding that genuine issues of material fact existed regarding the administration's motives in demoting Wells.

## II. LAW AND ANALYSIS

■ This court reviews *de novo* a decision denying summary judgment on the grounds of qualified immunity. *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir.1995). In hearing a qualified immunity appeal, an appellate court must be careful to limit its consideration to only those issues over which it has jurisdiction. *See Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir.1998). In *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), the United States Supreme Court held that a defendant entitled to invoke the defense of qualified immunity may not appeal a district court's order denying summary judg-

ment "insofar as that order determines whether or not the pretrial record sets forth genuine issues of fact for trial." *Id.* at 319–20, 115 S.Ct. 2151.

In introducing its opinion the Court wrote,

> This case concerns government officials-entitled to assert a qualified immunity defense in a 'constitutional tort' action-who seek an immediate appeal of a district court order denying their motions for summary judgment. The order in question resolved a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial. We hold that the defendants cannot immediately appeal this kind of fact-related district court determination.

*Id.* at 307, 115 S.Ct. 2151 (emphasis in original).

■ Where qualified immunity is denied due to a lingering question of whether the evidence supports a finding that particular offensive conduct occurred, the court lacks appellate jurisdiction because the qualified immunity determination of whether a constitutional violation took place is inextricably linked to the merits of the underlying action. *See Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Therefore, on interlocutory appeal of a denial of qualified immunity, an appellate court may not consider factual disputes and is limited to addressing only qualified immunity legal issues that are completely separable from all other issues in the litigation.

■ In light of these considerations, this court does not have jurisdiction to consider most of the issues challenged by the appellants in this appeal, as the issues are inextricably linked to the merits of the underlying action. However, two issues

survive the jurisdictional bar: whether the senior employees could have objectively and as a matter of law reasonably known that the questioning of Wells and the transfer of Wells were clearly unlawful.

The court finds as a matter of law that an objectively reasonable public official should have known that his or her conduct in either of these two situations violates an employee's First Amendment rights. It has long been established that public employees have the right to be free from retaliation for their exercise of their First Amendment rights to speech and association through participation in union activity. *See Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 465, 99 S.Ct. 1826, 60 L.Ed.2d 360 (1979)("The public employee surely can associate and speak freely and petition openly, and he is protected by the First Amendment from retaliation for doing so."). Since the two questions involve either a public official's intimidation of an employee's participation in union activities or a public official's retaliation as a result of an employee's participation in union activities, qualified immunity applies in neither case.

The court concludes that the senior employees should have known that their alleged conduct violated Wells' rights. Therefore, the court AFFIRMS the denial of qualified immunity on those two issues only. All other issues are DISMISSED for lack of jurisdiction.