**BRIDGEPORT WAY COMMUNITY ASSOCIATION; et al., Plaintiffs–Appellants,**

v.

**CITY OF LAKEWOOD; et al., Defendants–Appellees.**

No. 04–35915.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed Oct. 5, 2006.

David A. Bricklin, Esq., Jennifer A. Dold, Esq., Devon N. Shannon, Esq., Bricklin Newman Dold, LLP, Seattle, WA, for Plaintiffs–Appellants.

Michael Barry Tierney, Esq., Diana Virginia Blakney, Esq., Mercer Island, WA,

Courtney A. Kaylor, Esq., John C. McCullough, Esq., McCullough Hill Fikso Kretschmer Smith PS, Seattle, WA, for Defendants–Appellees.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

MEMORANDUM *

Bridgeport Way Community Association ("BWCA") appeals the district court's summary judgment in favor of the City of Lakewood ("City"), Lakewood City Attorney Heidi Wachter, and Wal–Mart Stores, Inc. ("Wal–Mart"), in BWCA's 42 U.S.C. § 1983 suit alleging violation of its First Amendment right to freedom of speech. Because the district court correctly held that neither the City, its attorney, nor Wal–Mart violated BWCA's right of free speech, we affirm the district court's summary judgment.

BWCA argues that its rights to core political speech were violated when, during the course of considering Wal–Mart's proposed zoning amendments to the City's Comprehensive Plan, City Council members followed the City Attorney's advice not to meet informally with individuals after the established notice and comment period had closed. The amendment process is governed by procedures set forth in the Lakewood Municipal Code. Lakewood, Wash., Mun.Code tit. 18A, ch. 02, §§ 420, 565 (2001). The Comprehensive Plan itself was adopted and implemented under the Washington Growth Management Act ("GMA"). Wash. Rev.Code § 36.70A. We

agree with the district court that BWCA's claim fails.

First, the First Amendment does not grant BWCA a right to be heard by the City Council during the formal comment period other than through the legal processes required to amend the Comprehensive Plan: "The Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy." *Minn. State Bd. for Cmty. Colls. v. Knight,* 465 U.S. 271, 283, 104 S.Ct. 1058, 79 L.Ed.2d 299 (1984); *see also Smith v. Ark. State Highway Employees,* 441 U.S. 463, 465, 99 S.Ct. 1826, 60 L.Ed.2d 360 (1979); *DeGrassi v. City of Glendora,* 207 F.3d 636, 647 (9th Cir.2000) ("Because her exclusion from the closed meetings did not interfere with DeGrassi's ability to speak out in public or to represent her constituents, it did not offend the First Amendment"). Moreover, the Central Puget Sound Growth Management Hearings Board ("Growth Management Board") determined that the City Council was not required under state or local law to hold a public hearing itself or to reopen the public comment period, and that the procedures the City followed in having the Lakewood Planning Advisory Board solicit public commentary complied with the GMA. *Bridgeport Way Cmty. Ass'n v. City of Lakewood,* No. 04–3–0003, 2005 GMHB Lexis 65, at *5 (June 7, 2005). Thus no state or local law created the due process or First Amendment right of BWCA to submit commentary outside of the public notice and comment period. *See Rybachek v. EPA,* 904 F.2d 1276, 1286 (9th Cir.1990). BWCA, like all other similarly situated members of the public interested in the rezoning, had a First Amendment right to comment during the times

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

allowed by the City's procedures, and in fact did so comment.

█ BWCA argues that it had a free speech right to communicate informally with the elected members of the Lakewood City Council. That argument finds some support in the *Knight* majority's emphasis on the plaintiff faculty members' ability to voice their concerns informally, even when they could not do so in formal meet and confer sessions. *See Knight*, 465 U.S. at 277 n. 4, 276–77, 277 n. 3, 104 S.Ct. 1058. *Knight* clearly recognized that the government does not violate First Amendment speech rights when it bars citizens from exchanging views with legislators in formal settings when opportunities for informal communications also exist. However, given the broad language of the opinion, we cannot condition *Knight's* holding on the existence of such informal lines of communications. Regardless of the form of communication, "[n]othing in the First Amendment ... suggests that the right[ ] to speak ... require[s] government policymakers to listen or respond to individuals' communications on public issues." *Id.* at 285, 104 S.Ct. 1058. Accordingly, City Attorney Wachter's mandate restricting *all* communications between BWCA members and their elected representatives did not violate BWCA's right of free speech.

█ Nor can BWCA argue that City Attorney Wachter's mandate violated the First Amendment rights of Lakewood City Council members. *Knight* left open the question of whether a legislator who—but for the restriction—is willing to receive and consider communications from her constituents may assert a First Amendment claim on her own behalf. *See id.* at 283 n. 7, 104 S.Ct. 1058. Because BWCA lacks standing to assert the claims of City Council members, we likewise decline to resolve that question. *Id.*[1]

Furthermore, the City Attorney's belief that she was giving the correct legal advice to City Council members had a legitimate basis, as the GMA classifies the permitting process as "quasi-judicial" and imposes an "appearance of fairness" requirement which limits communication between legislators and the public during the pendency of the permit proceedings. Wash. Rev. Code § 42.36.060; *see also* Lakewood Mun.Code tit. 18A, ch. 02, § 720C. Although the Growth Management Board in its first decision on BWCA's petition for review determined that the amendment process was properly classified as "legislative," with no restraints on ex parte communications, *Bridgeport Way Cmty. Ass'n v. City of Lakewood*, No. 04–3–0003, 2004 GMHB Lexis 37, at *21 (July 14, 2004), *rev'd on other grounds*, 2005 GMHB Lexis 65 (June 7, 2005), City Council members voluntarily followed what they believed to be sound legal advice and remained free to disregard it. *See DeGrassi*, 207 F.3d at 647.

█ Second, while City Attorney Wachter directly told a BWCA member in a stern voice not to talk to the City Council members on the subject of Wal–Mart's proposed amendments, that alone is not

---

1. Neither did *Knight* resolve whether a restriction on all communications between *constituents* and a legislator who *is willing to listen* would violate the First Amendment right to petition. Amicus curiae (and nonparties) the League of Women Voters of Washington State and the League of Women Voters of Tacoma–Pierce County argue that appellees' conduct implicates the First Amendment right to petition the government for grievances. Because BWCA itself does not argue that its right to petition the government has been infringed, we decline to address this issue. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

**68**

sufficient to show the City Attorney's directive unduly burdened or chilled speech. Plaintiffs failed to present sufficient evidence to create a genuine issue of material fact as to whether the City Attorney's directive "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999) (quoting *Crawford–El v. Britton,* 93 F.3d 813, 826 (D.C.Cir.1996), *vacated on other grounds,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)). Although City Council members may have refused to listen to BWCA because of the City Attorney's directive, there is no evidence that BWCA members were cowed into remaining silent and not making their views known. BWCA could have persisted in lobbying the City Council, perhaps by using alternative means of communication, such as organizing a protest or petition drive, sending letters, or telephoning the offices of City Council members.

■ Furthermore, the BWCA may not rely on the overbreadth doctrine to advance their argument that the City Attorney's instruction violated the First Amendment. An overbreadth challenge must be premised on the existence of a statute or other law that substantially chills protected speech. *See Virginia v. Hicks,* 539 U.S. 113, 118–19, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003). Because the City Attorney's interpretation of the law as set forth in his instruction to the BWCA member was not law itself, that instruction is not subject to facial challenge. Thus, the overbreadth doctrine does not apply.

■ Third, a "pragmatic assessment" of the circumstances surrounding the City Attorney's advice demonstrates that it was not a prior restraint on speech. *See Kingsley Books, Inc. v. Brown,* 354 U.S. 436, 442, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957). There was neither an administrative nor judicial order forbidding communication, *see Alexander v. United States,* 509 U.S. 544, 550, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993), nor a threat of civil or criminal legal sanctions, *see Bantam Books, Inc. v. Sullivan,* 372 U.S. 58, 67, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963) (recognizing that "the threat of invoking legal sanctions and other means of coercion" may sufficiently inhibit speech to constitute prior restraint).

Finally, because we are not persuaded that BWCA's First Amendment rights were violated during the enactment of the zoning ordinance, we do not need to consider BWCA's argument that the ordinance should be invalidated because it was adopted by unconstitutional means.

For the foregoing reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**