**RIDGEVIEW PARTNERS, LLC, Plaintiff–Counter– Defendant–Appellant,**

v.

**Maureen ENTWHISTLE, individually and as Chairperson of the Town of Greenville Planning Board, Paul Ewanciw, individually and as Chairperson of the Town of Greenville Planning Board, Scott Reed, individually and as Chairperson of the Town of Greenville Planning Board, John Karecki, individually and as Chairperson of the Town of Greenville Planning Board, Allen Bobb, individually and as Chairperson of the Town of**

Greenville Planning Board, Leo McCarey, individually and as Chairperson of the Town of Greenville Planning Board and Cynthia Ewanciw Morse, individually and as members of the Town of Greenville Planning Board, Defendants–Appellees,

**Michael Sussman, individually and as Special Counsel, Defendant–Counter–Claimant–Appellee,**

**Mark Fellenzer, individually and as Consulting Engineer, Defendant–Cross–Claimant–Appellee,**

The Town of Greenville Planning Board and Town of Greenville, Defendants–Cross–Defendants–Appellees,

**Jessica Gardner and Times Herald Record, Movants.**

No. 06–3408–cv.

United States Court of Appeals, Second Circuit.

July 5, 2007.

James G. Sweeney (Michael H. Donnelly, on the brief), James G. Sweeney, P.C., Goshen, NY, for Appellant.

Cynthia Dolan, Boeggeman, George, Hodges & Corde, P.C., White Plains, NY, for Maureen Entwhistle, Paul Ewanciw, Scott Reed, John Karecki, Allen Bobb, Leo McCarey, Cynthia Ewanciw Morse, the Town of Greenville Planning Board, and Town of Greenville.

Michael Sussman, Law Offices of Michael Sussman, Goshen, NY, pro se, for Appellees.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges, EDWARD R. KORMAN,* District Judge.

## SUMMARY ORDER

Appellant appeals from a May 18, 2006 judgment of the District Court granting appellees' motions for summary judgment and dismissing a variety of claims brought by appellant under 42 U.S.C. § 1983. Appellant maintains three claims on appeal: (1) appellees violated appellant's First Amendment right to petition the government for redress of grievances by refusing to entertain a site-plan application before payment of fees incurred during review of a prior site-plan application, (2) such conduct violated appellant's right to equal protection as a "class of one" under *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), and (3) the payment of the fees in question was an unconstitutional condition imposed on appellant's right to petition the government for redress of grievances. We assume the parties' familiarity with the facts and procedural history of the case.

Upon careful review of the record, the submissions to this Court, and the relevant

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

case law, we conclude that appellant's claims fail as a matter of law. Appellant's claim that appellees have violated its right to petition the government for redress of grievances is legally insufficient because appellant's site-plan application does not purport "to complain to public officials [or] to seek administrative [or] judicial relief from their actions." *Dougherty v. Town of North Hempstead BZA*, 282 F.3d 83, 91 (2d Cir.2002). Rather, it was appellees' refusal to entertain the application that created the grievance of which appellant subsequently sought redress before our Court. In any event, we regard appellant's First Amendment claim as, at most, alleging that appellees "refuse[d] to consider or act upon grievances"—conduct that does not violate the First Amendment. *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 465, 99 S.Ct. 1826, 60 L.Ed.2d 360 (1979); *see also Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271, 283–88, 104 S.Ct. 1058, 79 L.Ed.2d 299 (1984). Because—as appellant's counsel conceded at oral argument before our Court—appellant's other claims "flow from" the petition claim, appellant's equal protection and unconstitutional conditions claims are likewise meritless.

The judgment of the District Court is **AFFIRMED.**