FILED

OCT 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADAM J. TENSER,

        Plaintiff-Appellant,

  v.

BETH SILVERMAN, in her
personal/professional capacity as Deputy
District Attorney for the Los Angeles
County District Attorneys Office; et al.,

        Defendants-Appellees,

 and

ROBERT JOSHUA RYAN; et al.,

        Defendants.

No. 20-56176

D.C. No.
2:19-cv-05496-VBF-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted October 22, 2021[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

Tenser is an attorney bringing several Section 1983 claims against the prosecutors, detectives, and officials he encountered during his messy involvement with his civil client's prosecution for murder. He appeals the district court's order dismissing his Section 1983 claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as its order declining to enter default judgment in his favor. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

A dismissal for failure to state a claim is reviewed de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). A denial of leave to amend is reviewed for abuse of discretion. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A denial of a motion for default judgment is reviewed for abuse of discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). We may affirm on any ground supported by the record. *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018).

---

[1] Tenser also moves to strike portions of Silverman's brief and excerpts from the record. **Dkt. 17**. The motion is **Denied as Moot**. In affirming the district court, we consider none of the material Tenser wishes stricken. **Dkt. 17 at 5**.

2

**I. Tenser's Failure to State Claims**

First, Tenser's claims against prosecutors Mokayef and Silverman are barred by absolute immunity. Because Tenser's allegations focus on conduct leading up to his contempt citation, they concern conduct "intimately associated with the judicial phase of the criminal process." *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Second, Tenser fails to state claims against detectives Cotter and Martindale. To the extent that he bases his claims on the detectives' conduct as witnesses or submitting declarations in support of the contempt citation, his claims are barred by absolute immunity. *Burns v. Cnty. of King*, 883 F.2d 819, 822 (9th Cir. 1989). Further, he fails to state a right to petition claim because the detectives had no duty to respond to Tenser's complaints. *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 464–65 (1979). Furthermore, Tenser fails to state a Fourth Amendment claim because it is not a seizure to escort someone from a courthouse on a judge's order, particularly where that person voluntarily leaves and no force is used. *See Sheppard v. Beerman*, 18 F.3d 147, 153 (2d Cir. 1994). Nor is it a seizure to cause someone to be required to appear before the court by submitting

3

declarations showing cause for contempt. *Cf. Karam v. City of Burbank*, 352 F.3d 1188, 1194 (9th Cir. 2003). Finally, Tenser fails to state a "class of one" equal protection claim because all of the events leading up to his contempt citation involved discretionary decision-making. *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012).

Third, Tenser fails to state claims against the defendants associated with Twin Towers Correctional Facility. He fails to state a free speech claim because, even assuming the in camera requirement somehow interfered with his legal practice, he has cited no authority to suggest there is a constitutional right to speak to an imprisoned client in person rather than by camera, particularly where, as here, there was a process in place by which he could seek a court order for in person meetings. He fails to state a due process claim because the right to practice law is not violated by brief interruptions to one's ability to practice. *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003). And he fails to state an equal protection claim because his own allegations show that the camera rule applied to similarly situated attorneys.

Because Tenser fails to state any claim against individual defendants, we do not reach his claims against any government entity ("Doe 10") that employed them.

**II. The District Court's Denial of Tenser's Motion for Default Judgment**

The district court did not abuse its discretion when it declined to enter default judgment in favor of Tenser. Tenser argues that Silverman failed to timely answer the First Amended Complaint. However, a motion to dismiss extends the time to answer an amended complaint to 14 days after the court rules on the motion. Fed. R. Civ. P. 12(a)(4), (b).

**III. The District Court's Denial of Leave to Amend**

The district court did not abuse its discretion when it denied Tenser leave to amend. Tenser argues that the district court failed to give him the leeway owed to *pro se* litigants. But this rule of leniency does not apply when, as here, the litigant is a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (indicating that the proper contrast is between pleadings drafted by lawyers and

5

non-lawyers).  Moreover, leave to amend may be denied when, as here, amendment would be futile.  *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

### IV. Tenser's Violation of Rule 8

We note that Tenser's complaint fails to give "a short and plain statement of the claim" that is "simple, concise, and direct."  Fed. R. Civ. Proc. 8(a)(2), (d)(1). The district court struggled, as have we, to identify which claims attach to which defendants, and precisely what claims are made.  The complaint runs 100 pages. Tenser's numbered allegations comprise long, dense, rambling sentences.  The unfortunate result is that Tenser, by his prolixity, has taken "a great deal of time away from more deserving litigants waiting in line."  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

**AFFIRMED.**