# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50930

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2020

Lyle W. Cayce
Clerk

FRED G. MARTINEZ,

Plaintiff-Appellant

v.

THE STATE BAR OF TEXAS; CRAIG CHARLTON, Senior Investigator; STEPHANIE STROLLE, Assistant Disciplinary Counsel; JOSEPH ACEVEDO, State Bar Member,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-945

Before DENNIS, WILLETT, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Fred G. Martinez, Texas prisoner # 2061834, moves for leave to proceed in forma pauperis (IFP) in this appeal of the dismissal of his 42 U.S.C. § 1983 complaint. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50930

In his complaint, Martinez maintained that after he filed a grievance with the State Bar of Texas against Joseph Acevedo, his attorney in criminal proceedings, employees of the State Bar and Acevedo breached a contract by requesting and obtaining multiple continuances, by permitting Acevedo to file an untimely response to Martinez's grievance, and by taking the response into consideration in determining that Martinez's complaint was without merit.  He maintains that these actions constituted a denial of due process and interfered with his First Amendment right to petition for the redress of grievances.  The district court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) as frivolous, for failing to state a claim, and for seeking relief against immune defendants.  Martinez contends that his claims warrant relief because he sought declaratory and injunctive relief against the defendants in their official capacities, because the defendants are not entitled to qualified immunity, because the breach of contract and failure to follow state rules violated his constitutional rights, and because his trial counsel conspired with the State Bar employees to violate his rights.

The district court found that the doctrine of sovereign immunity barred only Martinez's damage claims against the defendants in their official capacities.  The court did not find that the defendants were entitled to qualified immunity on Martinez's claims against them in their individual capacities; it instead ruled that Martinez had suffered no injury as a result of the procedure used to consider his bar grievance and that his trial attorney was not a state actor for § 1983 purposes.

Martinez is unable to show that the consideration of his bar grievance "produce[d] erroneous or unreliable results [that] imperil[ed] a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).  He has not established that he had a cognizable interest in the

2

procedures used to consider his bar grievance or in the ultimate outcome of the proceedings.  *See, e.g.*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that a private citizen generally does not have a cognizable interest in the decision to prosecute a third party); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (noting that a failure to follow prison rules in addressing grievances does not create a civil rights claim).  We need not accept Martinez's conclusional assertion that a failure to consider Acevedo's response to his grievance would necessarily have resulted in a finding of professional misconduct, which would necessarily have led to the grant of a new trial on the basis of ineffective assistance.  *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).  With respect to Martinez's First Amendment claim, he was able to petition the State by filing a grievance with the State Bar; the Constitution does not require the State to take any particular action in response.  *See Smith v. Ark. St. Hwy. Emp., Local 1315*, 441 U.S. 463, 465 (1979).  As for Martinez's assertion that Acevedo conspired with employees of the State Bar, he has not established that these individuals were motivated to discriminate against him on a protected basis or that he was deprived of a constitutional right.  *See Miss. Women's Med Clinic v. McMillan*, 866 F.2d 788, 793 (5th Cir. 1989).

Because Martinez did not allege "a claim to relief that is plausible on its face," the district court properly dismissed his complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  He has not established that he will present a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Martinez's motion for appointment of counsel should therefore be denied.

No. 18-50930

The district court's dismissal of the complaint as frivolous and for failure to state a claim counts as one strike under 28 U.S.C. § 1915(g), as does the dismissal of this appeal as frivolous. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Martinez is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.