16-441-cv
Jarvis v. Cuomo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand sixteen.

PRESENT: JON O. NEWMAN,
GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges.*

------------------------------------------------------------------------
MARY JARVIS, SHEREE D'AGOSTINO, CHARLESE DAVIS, MICHELE DENNIS, KATHERINE HUNTER, VALERIE MORRIS, OSSIE REESE, LINDA SIMON, MARA SLOAN, LEAH STEVES-WHITNEY,
*Plaintiffs-Appellants*,

v.                                                     No. 16-441-cv

GOVERNOR ANDREW CUOMO, in His Official Capacity as Governor of the State of New York, SHEILA J. POOLE, in Her Official Capacity as the Commissioner of the New York Office of Children and Family Services, CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 1000 AFSCME, AFL-CIO,
*Defendants-Appellees.*
------------------------------------------------------------------------
APPEARING FOR APPELLANTS: WILLIAM L. MESSENGER, National Right to Work Legal Defense Foundation, Springfield, Virginia.

APPEARING FOR APPELLEES: FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor

General; Andrew D. Bing, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York, *for Governor Andrew Cuomo and Sheila J. Poole.*

JOHN M. WEST (James Graham Lake, Bredhoff & Kaiser, P.L.L.C.; Daren J. Rylewicz and Steven A. Crain, Civil Service Employees Association, Inc., *on the brief*), Bredhoff & Kaiser, P.L.L.C., Washington, D.C., *for Civil Service Employees Association, Local 1000 AFSCME, AFL-CIO.*

FOR AMICUS CURIAE:  Scott A. Kronland and Kristin M. García, Altshuler Berzon, LLP, San Francisco, California, *for Service Employees International Union.*

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 20, 2016, is AFFIRMED.

Plaintiffs, ten individuals who operate child-care businesses out of their upstate New York homes, appeal from the dismissal of their complaint (1) alleging that defendants violated their First Amendment rights in enacting and enforcing legislation allowing home child-care providers within a state-designated bargaining unit to elect an exclusive representative to bargain collectively with the state and (2) seeking a refund of union agency fees deducted from their state reimbursements prior to the Supreme Court's decision in Harris v. Quinn, 134 S. Ct. 2618 (2014).  We review a judgment of dismissal de novo, "accepting all factual allegations in the complaint as true."  Ellul v.

Congregation of Christian Bros., 774 F.3d 791, 796 (2d Cir. 2014). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Compelled Association Claim

Plaintiffs contend that New York's recognition of defendant Civil Service Employees Association, Local 1000 AFSCME, AFL-CIO ("CSEA") as the exclusive bargaining representative for their bargaining unit violates their First Amendment rights because it compels union association. The argument is foreclosed by Minnesota State Board for Community Colleges v. Knight, 465 U.S. 271, 288–89 (1984), in which the Supreme Court held that a state law requiring public employers to "meet and confer" with a bargaining unit's exclusive representative did not infringe the First Amendment rights of nonunion unit members. In so holding, the Knight Court emphasized that unit members were "not required to become members of [the union]" and that any resulting pressure to join the union was "no different from the pressure to join a majority party that persons in the minority always feel," which is "inherent in our system of government" and not "an unconstitutional inhibition on associational freedom." Id. at 289–90. As in Knight, plaintiffs were not here required to become members of the union—and, in fact, were not members of CSEA. Accordingly, they cannot demonstrate a constitutionally impermissible burden on their right to free association. See id.; see also Abood v. Detroit Bd. of Educ., 431 U.S. 209, 220–22 (1977) (acknowledging that "designation of a single representative avoids the confusion that would result from attempting to enforce two or

3

more agreements specifying different terms and conditions of employment" and that resulting interference with First Amendment rights "is constitutionally justified").

In urging otherwise, plaintiffs argue that Harris v. Quinn, 134 S. Ct. 2618, undermined prior Supreme Court precedent upholding exclusive representation as constitutional as applied to non-full-fledged state employees. We disagree. Harris addressed only the narrow question of whether individuals who were neither full-fledged state employees nor union members could be required to pay fair share fees to their bargaining unit's exclusive representative; it did not consider the constitutionality of a union serving "as the exclusive representative of [non-full-fledged state employees] in bargaining with the State." Id. at 2640. Thus, Harris does not relieve us from the duty to follow Knight even where, as here, plaintiffs are not full-fledged state employees. See Rodriguez de Quijas v. Shearson/Am. Exp., Inc., 490 U.S. 477, 484 (1989) (instructing that where Supreme Court precedent "has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [Supreme] Court the prerogative of overruling its own decisions"); see also D'Agostino v. Baker, 812 F.3d 240, 244 (1st Cir. 2016) (Souter, J.) (explaining that Harris did not limit application of Knight because "issues at stake" were different).[1] Accordingly, for reasons already explained, plaintiffs' First Amendment challenge fails.

---

[1] This conclusion is reinforced by language in Harris acknowledging that "[a] union's status as exclusive bargaining agent and the right to collect an agency fee from non-members are not inextricably linked." 134 S. Ct. at 2460.

4

2.    <u>Good Faith Defense</u>

Plaintiffs fault the district court for applying a good faith defense to their § 1983 claim for reimbursement of agency fees paid before the Supreme Court's decision in <u>Harris</u> because the First Amendment does not require proof of motive.  We are not persuaded.

The Supreme Court has acknowledged in <u>dictum</u> that "private citizens who rely unsuspectingly on state laws they did not create and may have no reason to believe are invalid should have some protection from liability, as do their government counterparts." <u>Wyatt v. Cole</u>, 504 U.S. 158, 168 (1992); <u>see id.</u> at 169 ("[W]e do not foreclose the possibility that private defendants faced with § 1983 liability . . . could be entitled to an affirmative defense based on good faith."); <u>see also</u> <u>Richardson v. McKnight</u>, 521 U.S. 399, 413–14 (1997) (leaving for "another day" question "whether or not the private defendants . . . might assert, not immunity, but a special 'good-faith' defense" (internal quotation marks omitted)).   Courts have construed <u>Wyatt</u>'s <u>dictum</u> to admit an affirmative good faith defense for private parties sued under § 1983.  <u>See Clement v. City of Glendale</u>, 518 F.3d 1090, 1096–97 (9th Cir. 2008); <u>Vector Research, Inc. v. Howard & Howard Attorneys P.C.</u>, 76 F.3d 692, 699 (6th Cir. 1996); <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1276 (3d Cir. 1994); <u>Wyatt v. Cole</u>, 994 F.2d 1113, 1118 (5th Cir. 1993); <u>cf.</u> <u>Pinsky v. Duncan</u>, 79 F.3d 306, 312 (2d Cir. 1996) (holding that plaintiff had burden to show "want of probable cause, malice and damages" to prevail on § 1983 claim for due process violation).

Plaintiffs attempt to distinguish these cases by arguing that a good faith defense cannot apply where, as here, the underlying constitutional tort does not contain a scienter element. The argument fails because, unlike standard defenses, affirmative defenses need not relate to or rebut specific elements of an underlying claim. See Black's Law Dictionary 482 (9th ed. 2009) (defining "affirmative defense" as "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim even if all the allegations in the complaint are true"). Thus, the district court did not err in concluding that a good faith defense was available to a private defendant sued under § 1983 for a First Amendment violation.

The district court also correctly determined that CSEA was here entitled to a good faith defense. In obtaining the challenged fair share fees from plaintiffs, CSEA relied on a validly enacted state law and the controlling weight of Supreme Court precedent. Because it was objectively reasonable for CSEA "to act on the basis of a statute not yet held invalid," defendants are not liable for damages stemming from the pre-Harris collection of fair share fees. Pinsky v. Duncan, 79 F.3d at 313; see Wyatt v. Cole, 504 U.S. at 174 (Kennedy, J., concurring).

3.    Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6