**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1824
_____

HOLLIE ADAMS; JODY WEABER;
KAREN UNGER; CHRIS FELKER,

Appellants

v.

TEAMSTERS UNION LOCAL 429; COUNTY OF LEBANON;
ATTORNEY GENERAL PENNSYLVANIA; JAMES M. DARBY,
Chairman, Pennsylvania Labor Relations Board;
ALBERT MEZZAROBA, Member, Pennsylvania Labor Relations
Board; ROBERT H. SHOOP, JR., Member, Pennsylvania Labor
Relations Board, in their official capacities

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00336)
District Judge: Honorable Sylvia H. Rambo

_____

Argued on June 23, 2021

Before: CHAGARES, PORTER and ROTH, <u>Circuit Judges</u>

(Opinion filed:  January 20, 2022)

Charles O. Beckley, II
Beckley & Madden
212 North Third Street
Suite 301
Harrisburg, PA 17108

Jeffrey M. Schwab                    **(ARGUED)**
Daniel R. Suhr
Liberty Justice Center
141 West Jackson Boulevard
Suite 1065
Chicago, IL 60604

          Counsel for Appellants

John R. Bielski                      **(ARGUED)**
Willig, Williams & Davidson
1845 Walnut Street
24th Floor
Philadelphia, PA 19103

          Counsel for Appellees

Peggy M. Morcom                      **(ARGUED)**
Morcom Law
226 West Chocolate Avenue
Hershey, PA 17033

          Counsel for Appellee County of Lebanon

Ryan B. Smith
Claudia M. Tesoro
Nancy A. Walker                      **(ARGUED)**
Pennsylvania Office of Attorney General
1600 Arch Street
Suite 300
Philadelphia, PA 19103

          Counsel for Appellees Attorney General Pennsylvania;
          James M. Darby; Albert Mezzaroba and Robert H. Shoop, Jr.

---

OPINION*

---

**ROTH**, <u>Circuit Judge</u>:

When the appellant-employees (employees) were hired, they faced a choice: join a union and pay dues or decline to join and pay "fair share" fees.[1] At the time, it was lawful for unions to charge fair share fees to nonmembers. The employees, all of whom work for Lebanon County, chose to join Teamsters Union Local 429 (the Union). In 2018, however, the Supreme Court held in *Janus v. AFSCME*[2] that state laws authorizing unions to charge fair share fees violate the First Amendment. So after *Janus*, the employees faced a different choice: pay union dues or pay no fees.

The employees chose to resign from the Union. The Union stopped charging them dues. It also refunded to them the dues that had automatically been deducted after they resigned. Nevertheless, the employees sued.[3] They sought a refund of the dues they had paid before they resigned from the Union. In their view, they should have had the choice

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1] A fair share fee is a payment that nonmembers are required to make to the union, which typically is a percentage of union dues. *See Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2460 (2018). A "fair share" fee is the same as an "agency" fee.

[2] *Id.*

[3] Nevertheless, the Union continued to withhold money from Adams and Weaber through March 2019—after they filed this lawsuit.

to pay dues or pay nothing at all—even before *Janus*. Because they did not have that choice, they contend that their payment of union dues violated the First Amendment.

The employees also assert that Pennsylvania's exclusive-representation law, making a union the exclusive bargaining agent for employees, violates the First Amendment.

The employees filed their complaint in February 2019. The complaint names as defendants the Union, the County of Lebanon, the Pennsylvania Attorney General, and members of Pennsylvania's Labor Relations Board. The parties filed cross motions for summary judgment. The Magistrate Judge issued two Reports and Recommendations, recommending that the District Court grant summary judgment for the defendants. The District Court adopted the Magistrate Judge's recommendations and dismissed the claims. The employees appealed.

## I. Jurisdiction

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291.

## II. Standard of Review

Our review of an order granting a motion for summary judgment is plenary.[4] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] In

---

[4] *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020).
[5] Fed. R. Civ. P. 56(a).

considering the motions, we "review the record as a whole, draw all reasonable inferences in favor of the nonmoving party, and must not 'weigh the evidence or make credibility determinations.'"[6]

### III.    Discussion

On the issue of refund of dues, we have recently held in *LaSpina v. SEIU Pennsylvania State Council*,[7] that a former union member has "no standing to seek a refund of any portion of the union dues she made prior to *Janus* because she cannot tie the payment of those dues to the Union's unconstitutional deduction of fair-share fees from nonmembers."[8]  *LaSpina* involved a similar situation to the one we have here:  an employee, in an exclusive representation employment situation, who joined the union rather than paying a fair share fee and who then, after *Janus*, resigned from the union and sued to get a refund of union dues.  We dismissed the claim for refund in *LaSpina* and following *LaSpina*, we do the same here.  The employees lack standing to seek a refund of union dues paid before they resigned the union.[9]  The employees' claims for prospective injunctive and declaratory relief are moot because they have not shown their employers or the union will continue to assess union dues.[10]  To the extent Adams and Weaber still seek damages for union dues paid *after* they resigned the union, their claims

---

[6] *Bletz*, 974 F.3d at 308 (quoting *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016)).
[7] 985 F.3d 278 (3d Cir. 2021).
[8] *Id.* at 281, 287.
[9] *See id.* at 286–87.
[10] *Id.* at 289–91.

are now moot because they have been reimbursed and, in any event, they fail to state a claim under the First Amendment.[11, 12]

Turning to the claim that the Public Employee Relations Act (PERA), Pennsylvania's exclusive representation law, violates the First Amendment, we hold that, consistent with every Court of Appeals to consider a post-*Janus* challenge to an exclusive-representation law, the law does not violate the First Amendment.[13]

The Supreme Court rejected a First Amendment challenge to an exclusive-representation law in 1984. In *Minnesota State Board for Community Colleges v. Knight*, a group of teachers challenged a Minnesota law that permitted the designation of an exclusive union representative for school employees.[14] The Court explained that the law did not violate the teachers' freedoms of speech or association.[15] The state did not "restrain[] appellees' freedom to speak on any education-related issue."[16] Nor did the

---

[11] *See id.* at 287–88.

[12] One the employees worked for the county for two years while not a member of the Union. App. 92–93. At the start of her employment, rather than join the union, she "opt[ed] instead to pay a fair share fee as a non-member." App. 130. But she does not raise any separate refund claim based on her payment of agency fees. So any separate claim for a refund of agency fees is forfeited.

[13] *Reisman v. Associated Facs. of Univ. of Me.*, 939 F.3d 409, 414 (1st Cir. 2019), *cert. denied*, 141 S. Ct. 445 (2020); *Akers v. Maryland State Educ. Ass'n*, 990 F.3d 375, 382 n.3 (4th Cir. 2021); *Thompson v. Marietta Educ. Ass'n*, 972 F.3d 809, 813–14 (6th Cir. 2020), *cert. denied*, No. 20-1019, 2021 WL 2301972 (U.S. June 7, 2021); *Bennett v. Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, 991 F.3d 724, 735 (7th Cir. 2021); *Bierman v. Dayton*, 900 F.3d 570, 574 (8th Cir. 2018), *cert. denied sub nom.*, *Bierman v. Walz*, 139 S. Ct. 2043 (2019); *Mentele v. Inslee*, 916 F.3d 783, 786–91 (9th Cir. 2019), *cert. denied sub nom.*, *Miller v. Inslee*, 140 S. Ct. 114 (2019); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 969 (10th Cir. 2021).

[14] 465 U.S. 271, 273–75 (1984).

[15] *Id.* at 288.

[16] *Id.*

law impermissibly infringe on "their freedom to associate or not to associate with whom they please."[17] And the teachers were "free to form whatever advocacy groups they like."[18]

Recognizing that *Knight* presents a large obstacle, the employees try to tack around it. They argue that *Knight* was only about whether the employees could demand a forum with their employer. This case is different, they posit, because they object to the Union speaking on their behalf at all. The employees' complaint is that the Union can allegedly "speak in their name."[19] Thus, they argue, *Knight* does not bar their constitutional claim.

This reading of *Knight*, however, is simply at odds with what it says. It is true that in *Knight* the teachers argued that the law violated the First Amendment because it made the union their exclusive representative. But the Court also considered whether the law violated the teachers' First Amendment freedoms of speech or association. It held that it did not.

*Knight* forecloses the First Amendment challenge. Like the law in *Knight*, PERA allows for the designation of an exclusive representative. Like the law in *Knight*, it requires the public employer to negotiate with the exclusive representative on employment issues. The employees here, like the teachers in *Knight*, are free to express whatever ideas they wish, including through groups they create and including about the

---

[17] *Id.*
[18] *Id.* at 289.
[19] Employees' Op. Br. 55.

Union.  Indeed, PERA protects their right to present certain grievances to their employer.[20]  Also like the teachers, the employees are free to associate—or not—with the Union.  Given these similarities, this law does not violate the First Amendment.

The employees' final argument is that *Janus* undercut *Knight*.  *Janus* provides, however, that "[s]tates can keep their labor-relations systems exactly as they are."[21] Nothing in *Janus* undermines *Knight* or exclusive-representation laws.

## IV.    Conclusion

For the reasons stated above, we will affirm the District Court's orders granting summary judgment to the defendants.

---

[20] 43 Pa. Stat. § 1101.606.
[21] *Id.* at 2485 n.27.